## AMERICAN INSURANCE UNION v. WOODARD.

No. 16389—Opinion Filed June 15, 1926.

1. **Insurance — Wrongful Forfeiture of Fraternal Insurance Contract—Action Against Insurer for Damages.**

If a fraternal insurance company wrongfully declares the forfeiture of a contract of insurance, issued in favor of one of its members, and gives notice of the forfeiture to the latter, the assured is excused from further performance of the contract, and may treat the contract of insurance as terminated. Thereupon a right of action accrues in favor of the assured against the insurance company for damages for the wrongful breach of the contract.

2. **Same—Measure of Damages.**

The measure of damages for the wrongful breach of a contract of insurance, issued by a fraternal insurance company to one of its members, is the present value of the policy, if the member at the time of the breach of the contract is no longer an insurable risk.

3. **Same—Present Value of Policy — How Determined.**

The present value of the policy is determined by ascertaining the total amount of premiums which would be required to carry the policy during the life expectancy of the assured from the time of the breach of the contract, and deducting such sum from the face of the policy. A sum of money equal to the interest on the remainder of the policy, for the life expectancy of the assured, should also be deducted from the face of the policy. The remainder from the face of the policy after the two deductions will constitute the present value of the policy, provided, however, a sum of money equal to the interest on the total premiums for the life expectancy of the assured should be deducted from the total amount of the premiums as a credit in favor of the assured.

4. **Same—Recovery of Damages Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Jacob Woodard against the American Insurance Union for damages on account of breach of insurance contract. Judgment for plaintiff, and defendant brings error. Affirmed.

C. H. Tully, for plaintiff in error.

John T. Cooper, for defendant in error.

Opinion by STEPHENSON, C. The Home Protective Association, a fraternal insurance company, issued a contract of insurance to Jacob Woodard, one of its members. The contract provided that the insurance company would pay to the beneficiary $100 if the insured died within six months from the date of the certificate. The contract further provided that the face value of the policy should be increased $12.50 each calendar month, until the liability reached the sum of $1,000. The policy was issued in May, 1917. The American Insurance Union assumed the obligation of the Home Protective Association in the contract, and bound itself to answer for all the obligations of the contract to the insured and beneficiary. The American Insurance Union declared a forfeiture of the contract of insurance in October, 1923, on the ground that Jacob Woodard had failed to pay the premium due on the policy. The insured was about 65 years of age at the time the plaintiff in error declared a forfeiture of the policy.

The insured commenced an action against the insurance company for damages for the wrongful breach of the contract. The trial of the cause resulted in judgment for the plaintiff. The insurance company has appealed the cause here for review, and assigns the same errors in this case as were assigned for reversal in the case of American Insurance Co. v. Rosa Woodard, No. 16816, this day decided. (infra, 248).

The facts involved in this appeal are the same as were involved in the Rosa Woodard Case, although the court arrived at the damages suffered by the plaintiff according to the rule stated in the Rosa Woodard Case, except the court did not allow interest on the premiums necessary to carry the contract for the remainder of the life expectancy of the plaintiff, and did not allow interest on the present value of the policy. The plaintiff did not cross-appeal, and assigned such failure as error. The conclusions reached in the case of American Insurance Union v. Rosa Woodard, supra, dispose of the contentions of the plaintiff in error in this case, adversely to the claims of the latter.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 92. (2-4) 32 C. J. p. 1265 §466.