JAMES ATKINSON *et al. v.* RAILROAD EMPLOYES MUTUAL RELIEF SOCIETY.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

160

*Corpus Juris-Cyc References: Actions, 1CJ, section 286, p. 1112, n. 15; section 392, p. 1149, n. 47; Mutual Benefit Insurance, 45CJ, section 98, p. 113, n. 89; section 207, p. 266, n. 38; section 208, p. 269, n. 58; section 306, p. 357, n. 51, 53.

GREEN, WEBB & BASS, for complainant, appellant.

KENNERLY & KEY, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The original bill was filed by James Atkinson as the holder since 1898 of a benefit certificate in the defendant Society, and by the beneficiary named therein. The

certificate provided for the payment to Atkinson of "sick benefits" at the rate of eight dollars per week. Such benefits were claimed and paid from 1917 to and including the month of May, 1926, with two interruptions of short duration.

On September 16, 1926, Atkinson was suspended from the Society for a period of five years, for violating Article eleven, section two, of the constitution of the Society, which provided the penalty of expulsion for a member who should "feign sickness or indisposition for the purpose of drawing benefits from the funds of the Society."

The bill avers that this suspension was wrongful, and that complainant Atkinson continued the payment of his dues after his suspension until December 1, 1926, "but the last two checks issued by complainant in payment of his dues have not been cashed." The bill was filed December 4, 1926.

The prayer of the bill is for damages for breach of contract, after reference to the Master to determine the amount; and "in the alternative that the suspension of the complainant may be declared to be wrongful, illegal, null and void and may be set aside, and that the complainant may be reinstated to all of his rights under and by virtue of his contract and the charter and by-laws of the defendant."

The bill also contains a prayer for "general relief."

The bill having been answered and proof taken, the chancellor found that the complainant had not in fact feigned illness nor violated the constitution of the Society, but that the Society had given complainant a fair trial, without malice, and that the action of the Society

in ordering the suspension would not be reviewed. The bill was accordingly dismissed.

This decree of the chancellor was reversed by the Court of Appeals by its decree, providing: ". . . that the decree of the chancellor be, and the same is reversed and set aside; and this cause is remanded to the Chancery Court of Knox County to the end that proper decree be entered in favor of complainant and granting to him the relief prayed for in his bill."

The opinion prepared and filed by the Court of Appeals recites the concurrence of that court in the finding of the chancellor that Atkinson had not in fact violated the constitution of the Society, and that his claims for benefits were *bona-fide* made; but the Court of Appeals further found that the Society had not given Atkinson a fair trial as required by its constitution and by-laws, and that the action of the Society in suspending him for a period of five years was, under all the facts and circumstances, "so unfair to him and so unjust, oppressive and arbitrary that it is our duty to set it aside." See *Murray* v. *Supreme Hive, etc.*, 112 Tenn., 665. *Certiorari* to review the decree of the Court of Appeals was denied by this court.

Upon the remand, a reference to the Master having first been ordered and then waived, the cause was finally heard by the chancellor upon an agreed statement of facts.

The chancellor decreed that Atkinson "be, and he is hereby restored to membership in the defendant, Railroad Employes' Mutual Relief Society, and that *all* the rights of such membership be restored to him, pursuant to the direction of the decree of the Court of Appeals of Tennessee."

Complainant was awarded a decree for the net amount of benefits payable from the date of his suspension to the date of the filing of the bill, after deducting the dues payable by him for that period. To this there was no exception by the appellee.

The chancellor, however, denied to complainant any recovery for benefits for the period from the date the bill was filed, December 4, 1926, to the date of the decree restoring complainant to membership, August 6, 1929, more than two and one-half years, for the stated reason that "since the filing of the original bill in this cause on December 4, 1926, the complainant has not filed with the defendant proofs of his disability and right to seek or claim sick or disability benefits, and has not made claim therefor in the manner provided by the constitution, by-laws, rules and regulations of the defendant Society, and the court further being of the opinion that the complainant James Atkinson cannot in this cause recover for any sick benefits which might have accrued to him after the filing of the original bill in this cause."

The agreed statement of facts recites the provisions of the constitution and by-laws of the Society, as in the foregoing quotation from the decree of the chancellor; and it is agreed that since May, 1926, the date the Society suspended payment of benefits, the complainant made no application for benefits and filed no proofs of disability, until after the decree of the Court of Appeals in March, 1929. The constitution of the Society provides that claims for benefits must be presented to the Society "every month or every two months," during disability. The constitution further makes provision for a "sick committee" who shall visit the sick and disabled members "at least once a week during their sickness or dis-

ability,'' with the right ''to require the claimant to submit to a medical examination before sick benefits are to be paid.''

The agreed statement of facts recites: ''That the physical condition of the complainant, James Atkinson, continued the same during the pendency of the suit, and is, if anything, worse now than it was at the time he brought this suit; that he has not at any time since the bringing of the said suit been able to work or perform manual labor.''

The suspension of the complainant from membership in the Society having been finally adjudged to have been wrongful, the substantive facts which entitle complainant to all the benefits claimed are thus conceded; and the chancellor's decree must be sustained, if at all, only upon formal grounds.

It may be doubted whether the chancellor intended to deny relief to complainant because he had not filed proofs of disability or formal claims after his suspension. It is conceded that no such claims or proofs were filed from May to December, 1926; yet recovery for benefits during that period was decreed.

Nor do we think the filing of claim and proof after suspension was necessary to complainant's suit for benefits accruing thereafter.

The constitution and by-laws of the Society do not expressly declare the effect of the suspension of a member; however, the provision for benefits is expressly limited in its application to ''any member of this Society in good standing.'' Article eleven, section one. The effect of the order of suspension was to notify the complainant that he was no longer a member in good standing, and his right to claim further benefits was thereby

terminated, if the order of suspension had been valid or binding upon him.

The order of suspension, having been found to be "arbitrary, unfair, and oppressive," on which account it was set aside, was itself a breach of contract, and notice to complainant that the Society would not honor his membership contract for a period of five years. The subsequent filing of claims for benefits by complainant would only have amounted to demands for performance after his right to make such demand had been denied. We do not think such demand was required. The order of suspension, constituting an anticipatory breach of the contractual obligation to pay benefits during disability, relieved complainant of his obligation to make demand in the manner provided by the constitution and by-laws of the Society. If complainant was in default in the method or time of presenting his claim, the default was produced by, and was the direct result of, his wrongful suspension by the Society.

In *Lamborn & Company* v. *Green & Green,* 150 Tenn., 38, 47, this court said: "Where one of the parties unequivocally refuses to go on with a contract, it is not necessary for the other to make a demand upon the defaulting party for performance."

It is very generally held that a wrongful and void suspension or expulsion of a member of a mutual benefit association operates as a notice to the member that dues subsequently accrued will not be received, and relieves the member of the necessity of a tender of such dues. Ruling Case Law, vol. 19, pages 1275-1276 (Mutual Benefit Societies, section 75), Corpus Juris, vol. 45, pages 113-114 (Mutual Benefit Insurance, section 98). And by the same principle, it should be held that a

wrongful suspension relieves the member of subsequently presenting claims for benefits in the method and at the time prescribed by the Society's constitution for members in good standing.

Appellee here urges the failure of complainant to tender dues after his suspension as a bar to his right to recover benefits. The proof heard by the chancellor and Court of Appeals is not in the transcript on this appeal, so that it does not appear whether complainant proved the averment of the bill that the Society failed to cash two checks for dues which he gave after the suspension. However, we do not think such tender was necessary in this case, under the constitution of the Society, which provides (Article 5, section 4): "Any member who is in good standing, and is taken sick, or is disabled, shall not be allowed to get in arrears, as their dues and assessments shall be deducted from their benefits by the Recording Secretary during such inability."

The complainant was disabled, and it has been adjudged that he was entitled to have the Society consider and treat him as a member in good standing. He is therefore entitled to rely upon the foregoing section as excusing the payment of dues.

We are further of opinion that the wrongful suspension of complainant deprives the Society of any right to insist upon its contention that, by failing to file claim for benefits thereafter, complainant "has not exhausted his remedies within the Society, and until he does so, he is not entitled to resort to the courts for relief."

Moreover, responding to a similar contention of a mutual benefit association, in *Honea* v. *American Council, etc.,* 139 Tenn., 21, 23-24, this court said:

"A beneficial order or association may validly stipulate that remedies must be so exhausted, as by an appeal to a higher tribunal of the order, provided for the adjudication of claims, though it may not wholly deprive its members of the right to invoke the aid of the courts of the land. *McGuinness* v. *Court Elm City, No. 1*, 78 Conn., 43, 60 Alt., 1023, 3 Ann. Cas., 209, and note; note Ann. Cas., 1915B, 318; 7 C. J., 1121.

"But a number of the courts, this court among them, hold that, where property rights are involved, as here, a member may first bring suit without appealing to the judicatories within the order, unless there is found incorporated in the laws of the order, or the contract, an express inhibition to the contrary. *Benson* v. *Grand Lodge B. L. H.* (Ch. App.), 54 S. W., 132, and cases cited 7 C. J., 1122."

No such express inhibition is contained in the constitution or by-laws of the Society herein.

We are, however, in accord with the Chancellor in his holding that the pleadings in this cause will not support or authorize a decree awarding complainant a recovery for benefit installments which accrued after the filing of the original bill, December 4, 1926.

While the benefit certificate issued to complainant constitutes an entire contract, the obligation thereby cast upon the Society is severable, with a right of action accruing to the holder for each benefit installment payable and in default. *Robinson* v. *Exempt Fire Insurance Company*, 101 Cal., 1, 42 Am. St. Rep., 93, 24 L. R. A., 715; Corpus Juris, vol. 1, p. 1112 (Actions, sec. 286).

So, it is generally held that in an action at law for breach of a contract of insurance, payable in weekly or periodic installments, only those installments in de-

fault at the time suit was brought may be recovered. *Robinson* v. *Exempt Fire Insurance Company, supra; Baltimore, etc., Employes Relief Association* v. *Post,* 122 Pa., 579, 9 Am. St. Rep., 147, 2 L. R. A., 44; *Rayburn* v. *Pennsylvania Casualty Co.,* 141 N. C., 425.

If the rule is otherwise when the suit is brought in a court of equity, it is because the more flexible rules of procedure in that court permit the filing of supplemental bills. Gibson, Suits in Chancery (Chambliss), sec. 683. Corpus Juris, vol. 21, pp. 663-664 ("Equity," sec. 846).

█ In the case at bar, the chancellor's decree on the remand directed that complainant's suspension be declared void and set aside, and that he be reinstated to the rights of membership in the Society. This was the alternative relief asked in the prayer. The decree for benefit installments, in default at the date the suit was commenced, was incidental to the specific relief awarded, and was supported and authorized by the prayer for general relief. Gibson, Suits in Equity (Chambliss), secs. 556-557.

█ While the agreed statement of facts, submitted to the chancellor in lieu of reference to the Master and proof, establishes the continuance of the complainant's disability, complainant did not, by amended or supplemental bill, plead the continuance of his disability after suit was begun as the basis for an additional award. "The rights of parties are to be determined as they were at the commencement of the action, unless some event happens subsequent which affects the matters in issue; and the court cannot consider such subsequent matter unless it is presented by a supplemental pleading." *Bannon* v. *Jackson,* 121 Tenn., 381, 397, 130 'Am.

St. Rep., 788, 17 Anno. Cas., 77. And see Gibson, section 555.

The decree of the chancellor will accordingly be modified so as to provide that appellant, James Atkinson, is denied recovery for benefits accruing after the filing of the original bill, December 4, 1926, only because the pleadings are not adequate to support such a decree; and the decree of the chancellor will otherwise be affirmed. The costs of the appeal will be divided equally between appellant Atkinson and the appellee.