## Howard v. Benefit Association of Railway Employees.

(Decided June 5, 1931.)

CHARLES B. SPICER for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On August 25, 1925, the Benefit Association of Railway Employees issued and delivered to Isaac Howard an accident and health insurance policy in consideration of the payment by the insured of a premium of $4.40 per month. By the terms of the policy the insurer agreed to pay to the insured $80 per month for the first year "for any illness (except such as is due to venereal disease), which is contracted and begins during the life of this policy and after it has been maintained in continuous force for fifteen days from its date, then for the period of total loss of time, not exceeding twelve consecutive months, during which 'such illness' shall wholly and continuously disable and prevent the insured from performing any and every kind of work or occupation for wages or profit, . . . And immediately following said period of twelve months, and so long thereafter as the insured shall continuously suffer total disability as defined in section (a) of this part, the association will pay one fourth of said monthly illness indemnity." The policy provided that, upon the payment of claim thereunder, any premium then due and unpaid might be deducted therefrom.

On July 4, 1930, the insured brought this action against the insurer, and in his petition alleged that he became totally disabled by illness during the year 1928, and reported his illness to the insurance company according to the provisions of the policy and was paid the stipulated monthly indemnity by it until April, 1930, when the insurance company ceased paying the monthly indemnity and undertook to cancel the policy. He further alleged that he was 33 years of age, and that his life expectancy was 32.36 years and that he was entitled to $15.60 per month during the remainder of his life, but that on account of his physical condition he did not expect to live the full period of 32.36 years, but that his physical condition was such that he would live for a period of 16 years and he asked damages for a breach of the contract in the sum of $2,999.99. He later filed an amended petition in which he alleged that he was wholly disabled from performing any duty and every kind of work or occupation for wages or profit and would be wholly and continuously disabled during the remaining period of his life, and on account of his physical condition he could not procure any other policy of insurance on his health of the same character and with the

same provisions as the policy issued to him by the defendant. A demurrer was sustained to the petition as amended, and the plaintiff having declined to plead further, judgment was entered dismissing his petition and amended petition, and from that judgment he appeals.

Appellant in this action seeks to recover damages for the alleged breach of the insurance contract by appellee, and he argues that the correct measure of damages is the amount of monthly indemnity due him while totally disabled by illness, or $15.60, multiplied by the number of months he expects to live. Mutual Life Insurance Company of Kentucky v. Twyman, 89 S. W. 178, 28 Ky. Law Rep. 167; Equitable Life Assurance Society v. Cosby (Ky.) 126 S. W. 142; American Insurance Union v. Woodard, 118 Okl. 248, 247 P. 398, 48 A. L. R. 102, and other similar cases are relied on in support of appellant's contention that the action is maintainable. Each of those cases, however, involved a life insurance policy having a cash surrender value which could be readily ascertained. The policy here in question is a health and accident policy without a paid-up or cash surrender value, and its ultimate value to the insured is wholly speculative. The allegations of appellant's petition disclose the uncertain and speculative nature of the measure of damages he seeks to apply. He concedes that he is not entitled to recover upon the basis of the full expectation of life of a healthy person. The liability of the appellee for illness indemnity ceases at the death of the insured which may occur at any time, and judgment for the present value of the monthly payments due under the policy until appellant's death, and attempting to fix appellee's true liability would be necessarily based on a speculative hypothesis. It is true that in an action for the wrongful death of a person the jury in assessing the damages suffered by the decedent's estate is permitted to determine how long the decedent would have lived, basing its finding upon his age and his consequent expectancy in life as affected by his state of health at the time of the injury resulting in his death. That rule, however, results from the exigencies of the circumstances. The damages could be fairly approximated by no other method.

Here, if the appellee wrongfully fails or refuses to pay the indemnity due under the policy, a remedy is available to appellant by which he can recover the exact

amount owing to him by the terms of the contract. If the averments of his petition are true and he has become totally disabled by illness for the remainder of his life, the appellee will be indebted to him at the end of each month during his life in the sum of $20, subject to a credit of $4.40, the amount of the monthly premium. Under a contract like this the appellant should not be permitted to recover payments which, by reason of his death or recovery from his illness, might never accrue. Keith's Executor v. Hinkston, 72 Ky. (9 Bush.) 283; Frankfort & C. Railway Company v. Jackson, 153 Ky. 534, 156 S. W. 103. We have been cited and have found no case from this jurisdiction involving a suit on a health policy of insurance, the monthly indemnity being payable in installments, where the question now raised was presented, but there are numerous authorities from other jurisdictions in which the courts have held that a renunciation of the contract by the insurer would not authorize the insured in treating the contract as breached and suing for gross damages. It was further held in these cases that the insured could recover only for installments due, though all of the matured installments could be joined in one action. Some of the cases so holding are Metropolitan Life Insurance Company v. Lambert, 157 Miss. 759, 128 So. 750; Donlen v. Fidelity & Casualty Company, 117 Misc. Rep. 414, 192 N. Y. S. 513; New York Life Insurance Company v. English, 96 Tex. 268, 72 S. W. 58; State Life Insurance Company v. Atkins (Tex. Civ. App.), 9 S. W. (2d) 290; Hardie v. Metropolitan Life Insurance Company (Mo. App.) 7 S. W. (2d) 746; Bonslett v. New York Life Insurance Company (Mo. Sup.), 190 S. W. 870; Commercial Casualty Insurance Company v. Campfield, 243 Ill. App. 453; Atkinson v. Railroad Employees' Mutual Relief Society, 160 Tenn. 158, 22 S. W. (2d) 631.

In Federal Life Insurance Company v. Rascoe (C. C. A.), 12 F. (2d) 693, it was held that, where an insurer repudiates liability on an accident policy requiring it to make weekly payments to insured for total disability, the insured could maintain an action for breach of the entire contract. The majority opinion was based on the theory that the contract was executory in so far as the insured was concerned because she was still required to furnish regularly to the insurance company each thirty days a report in writing from her attending physician, or surgeon, fully stating her condition and

the probable duration of her disability. It appeared that the insured in that case was in good health, except from the result of her injuries which were not at all likely to shorten her expectancy, and it was said in the course of the opinion that there could be no substantial difficulty in the ascertainment of her damages by reference to life tables. As pointed out in the dissenting opinion of Judge Denison, the case of Roehm v. Horst, 178 U. S. 1,. 20 S. Ct. 780, 44 L. Ed. 953, cited in the majority opinion, declared that, where a contract is executory on both sides and is repudiated by one party, the other may presently have his damages assessed as for an anticipatory breach, but it excepts from that rule cases where the contract on the plaintiff's part is not executory.

In the instant case the contract was executed on appellant's part. Furthermore, the monthly indemnity to which he claims he is entitled is for total disability resulting from illness and not from injury, and he concedes in his pleading that his expectancy in life is uncertain by reason of the very illness which, as he claims, has disabled him. The case of Ætna Life Insurance Company v. Phifer, 160 Ark. 98, 254 S. W. 335, likewise held that denial of all liability under the permanent total disability clause of an accident insurance policy·by the insurer justified the insured in treating the contract as breached. It was held that the measure of damages was the amount the insurer would have been required to pay the insured under the contract, if it had not breached it, reduced to its present value. The injury to the insured, however, which resulted in his permanent disability, was not such as was calculated to reduce his expectancy in life. The rule announced in Ætna Life Insurance Company v. Phifer, supra, seems to have been modified in the later case of Manufacturers' Furniture Company v. Read, 172 Ark. 642, 290 S. W. 353, 354, wherein the court said: "The most serious question raised in the case is whether or not there can be a recovery for immature installments of the compensation earned under the contract. According to the uncontradicted proof, the compensation of $10 for each month after the renewal contract was payable monthly, and at the time of the commencement of the action there were only four payments, aggregating $40, matured. Counsel for appellee invoke the rule that where one party to a contract incapacitates himself from performance or unequivocally refuses to

perform, the other party may sue for the whole of the anticipated damages resulting from the breach. Counsel cite authorities in support of that rule, but the rule does not apply to contracts, either written or verbal, to pay money at specified times. Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; Moore v. Security Trust & Life Ins. Co. (C. C. A.), 168 F. 496. Where the contract, or the unperformed portion of it, is merely to pay money at specified times, the refusal to pay does not accelerate the maturity of installments which are not due under the contract.''

Whether or not the appellant may maintain an action in equity to prevent the cancellation of the policy by appellee is not determined, since that question is not presented by the pleadings, but we conclude that the facts alleged in the petition as amended did not justify the appellant in treating the entire contract as breached and suing for gross damages, and the judgment must be affirmed. This is without prejudice, however, to appellant's right to bring an action for the recovery of the matured installments. In such an action the right of appellee to repudiate the contract and cease payment of monthly indemnities can be tested.

Judgment affirmed.