## MID-CONTINENT LIFE INSURANCE CO. v. CHRISTIAN.

No. 21252. Opinion Filed April 12, 1932.

Rehearing Denied June 21, 1932.

Application to File Second Petition for Rehearing Denied November 1, 1932.

Second Application to File Second Petition for Rehearing Denied July 12, 1933.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

James R. Tolbert, Richmond Duvall, Miles G. Tolbert, and George L. Zink, for defendant in error.

CULLISON, J. Plaintiff instituted suit seeking to recover on a health and accident policy issued by defendant. The cause was tried to a jury and resulted in a verdict for plaintiff, from which judgment of the court defendant appeals.

The parties will be referred to as they appear in the trial court. The record discloses that plaintiff made application to defendant for a health and accident policy and that as a result of said application defendant issued to plaintiff its health and accident policy, providing for an annual premium of $94 per year.

Said amount accompanied the application. The policy was dated October 14, 1927. In August, 1928, plaintiff suffered a severe attack of kidney trouble, completely incapacitating him for any work and necessitating continuous medical attention.

Plaintiff filed a claim with defendant for payments under the terms of his health and accident policy, but defendant refused to honor said claim.

Defendant also attempted to terminate the policy and tendered back to plaintiff the amount of premium paid at the time said policy was issued.

Thereupon, plaintiff filed this suit, seeking to recover the value of the health and accident policy. He asks for damages in an amount to be computed upon the period of time covered by plaintiff's life expectancy under the conditions of his health, considered in connection with the amount to be paid weekly as disability under the policy.

Defendant's first assignment of error is that the court erred in giving to the jury certain instructions excepted to by defendant.

The consideration of said question of error necessitates a review of the instructions given by the court, to which defendant saved exceptions, the theory of law under which the case was tried, the instructions given by the trial court and the law applicable to the case at bar.

In instruction No. 3, the court, in substance, instructed the jury that if defendant wrongfully repudiated its contract of insurance, plaintiff is entitled to recover a sum of money equal to the present worth of such policy based upon his life expectancy. "In finding the life expectancy, you will take into consideration the expectancy of life of a normal individual of plaintiff's age, as shown by the mortality tables, less such time as you believe his present condition of health will shorten that life expectancy. After determining his life expectancy, you will ascertain the amount that would be paid under the terms of the policy, had the same not been repudiated, and from said amount you will deduct the annual premium required to be paid, for his life expectancy. From the sum thus ascertained you will ascertain the sum of money which if paid now with interest at 6 per cent., will equal such sum, if paid in installments as provided by the policy during the period of the life expectancy of plaintiff. To the sum so ascertained, you will give plaintiff credit for the amount of interest which would have accrued to plaintiff had he paid the interest annually instead of in bulk, and the amount so found will constitute the present worth of the policy and the measure of damages the plaintiff should recover on his first cause of action."

By instruction No. 8, the court instructed the jury, in substance, that if plaintiff became ill on or about August 8. 1928. and since such time necessarily and continuously confined within doors or partially confined, as heretofore defined, and disabled from performing his work, and that such total disability will continue during plaintiff's life expectancy, then and in that event plaintiff is entitled to recover on the first cause of

action damages amounting to the present worth of the policy.

In our consideration of said matter and in determining whether or not there was error in the giving of said instructions, we should first investigate the terms and conditions of the insurance contract, which is the basis of this suit.

The insurance contract is a health and accident policy, and in this case we are in no wise confronted with that portion of the policy pertaining to accidental injuries.

The portion of said policy covering health insurance is the only part of said policy applicable in our consideration of said cause.

Said policy contains the following pertinent parts:

"Article A. Full Time Life Indemnity for Confining Sickness.

"Part 1. If such sickness, necessarily and continuously confines within doors and totally disables the insured from performing any and every kind of duty pertaining to his occupation, the Company will pay him at the rate of $50.00 per week as long as he lives and suffers such continuous total disability.

"Part 2. If such sickness does not necessarily confine the insured within doors, but totally and continuously disables him from performing any and every kind of duty pertaining to his occupation, the Company will pay 50% of the amount under Part 1, of Article 'A' as long as he lives and suffers such continuous total disability."

Paragraph 1 of article N, in substance, provides that by the payment of an annual premium of $94 after the 1st day of November, 1928, this policy may be maintained in continuous effect. Fourteen days' grace will be allowed in the payment of premiums.

Paragraph 8 of article N is as follows:

"The Company assumes no liability under this contract beyond the period of time extended by the first premium payment or by any additional renewal premium thereafter. The acceptance of any renewal premium may be optional with the Company, but without prejudice to any claim then existing and for which due notice has been filed at the Home Office of the Company. * * *"

Defendant contends that the court erred in instructing the jury as set out when plaintiff's suit was based upon the contract containing the provisions just enumerated, and further contends that if plaintiff was entitled to recover any sum whatsoever, the only sum that could be recovered would be in accordance with the terms of the insurance policy.

The theory under which the trial court instructed the jury was the rule of law announced by this court where a life insurance policy had been breached by the insurance company.

This court has on several occasions approved the rule laid down in the trial court's instructions where the suit was over a life insurance policy, but we observe that in a life insurance policy the elements to be considered are much different from those to be considered in a health and accident policy. In the average life insurance policy the same is payable upon the death of the insured, which is in no way certain. There is some speculation, however, as to the length of time the policy in the case at bar would run before becoming payable, and it is contended the rule as set out in the trial court's instructions is inapplicable.

However, we observe that there is a marked distinction between the terms and conditions of the usual life insurance policy and the terms and conditions of the health and accident policy under consideration.

Under the terms of the policy as just enumerated, supra, the insurance company agrees to pay for the disability specified in the policy a sum certain per week in accordance with the provisions of the policy.

The policy also provides that the sum will be continued from year to year upon the payment of the premium designated therein and contains a further provision: "The acceptance of any renewal premium may be optional with the Company, but without prejudice to any claim then existing and for which due notice has been filed at the Home Office of the Company."

By the terms and conditions of the accident policy, which is the insurance contract between the parties to this suit, said contract provides the amounts that shall be paid for the disabilities covered by said contract, and said contract further provides that the defendant may reject any renewal premium on said policy if it so desires. But that the rejection of a renewal premium will not in any way affect a valid claim under said policy.

So that, according to the provisions of the insurance contract, plaintiff was entitled to recover the amount provided therein when disabled according to the terms of the insurance contract.

The provisions of the insurance policy in the instant case prescribe the rule to be

used in determining the amount of recovery that plaintiff is entitled to recover.

If he was completely incapacitated, the company was to pay $50 per week during such incapacity, but if plaintiff was only partially incapacitated, defendant was to pay $25 per week during such partial incapacity.

In the case of Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75, 260 Pac. 1109, this court had under consideration a life insurance contract with a proviso therein that if the insured became permanently totally disabled, the insurance company would pay monthly 1 per cent. of the face of the policy so long as said disability existed. And in a suit to collect under said provision of the policy for permanent total disability, this court held, at page 78 of the opinion (page 1118, 260 Pac.) :

"The judgment complained of gives to the plaintiff benefits that have not accrued and which, in the course of events, might never accrue; and, while our attention has not been directed to any case where this particular form of policy was involved and we have been unable to find one, nevertheless the rule relative to weekly benefits is laid down in Corpus Juris, vol. 1, p. 515, as follows :

" 'In an action to recover weekly benefits for inability to labor, no recovery can be had for benefits accruing after the commencement of the action, and the recovery is limited to such number of weeks as the policy stipulates.' American Home Circle v. Eggers, 137 Ill. App. 595; Rayburn v. Penn. Cas. Co., 141 N. C. 425, 54 S. E. 283; Employees Relief Ass'n v. Post, 122 Pa. 579, 15 A. 885, 2 L. R. A. 44, 9 Am. St. Rep. 147."

In the case of Donlen v. Fidelity & Casualty Co., 192 N. Y. Supp. 513, the New York court had before it a health policy wherein the insurance company had disclaimed all liability under the policy, which makes said case similar to the case at bar, and in construing the law relative to said insurance contract, at page 514 of the opinion, the court said:

"The proof shows that she is suffering from an incurable malady, and, based upon the assumption that the incompetent would never fully recover, this action was brought to recover an amount to be based upon the expectancy of life of the incompetent as shown by the Northampton Tables, the defendant having first disclaimed all liability under the policy. Plaintiff cannot, however, succeed on this branch of the case. The policy states definitely when and under what circumstances the defendant is re-

quired to pay, and its refusal to pay the full amount of the weekly indemnity specified in the policy, based upon its belief that the plaintiff is not entitled to the maximum of such weekly benefits, is not such a refusal to pay or such a denial of its liability as would in any event furnish grounds for an action to recover the full amount of the loss at this time. But, aside from that reason, the policy states definitely when and under what circumstances the weekly indemnity is to be paid, and the plaintiff cannot recover in this action the full amount of plaintiff's damage based upon her expectancy of life. It was the intention of the parties, as evidenced by the policy, to pay only at the times and in the manner specified in the policy."

Under the authorities just cited, plaintiff would be entitled to recover in his cause of action for all benefits that had accrued under the insurance contract at the time of filing his suit. And could amend his petition to include such installments due up to the date of the amendment. But plaintiff could not recover for installments that were not due.

The court could not determine how long said installments would continue to become due, because said matter is dependent upon the conditions of health of plaintiff and the date of his death.

As we view the case at bar, plaintiff was entitled to recover on his insurance contract, but the amount of his recovery is determined by the terms and conditions of the insurance contract in question. The condition of plaintiff's health determines whether he can recover $50 per week or $25 per week.

Under the terms of the policy, the same ran from year to year and could be terminated at the end of each year, but the termination of said insurance contract would not relieve defendant from a liability already incurred under said contract, and said liability would continue to exist in accordance with the terms of said contract.

The policy and the liability incurred thereunder were to be continuous, unless canceled. The liability, when once attached, would be continuing as long as said liability existed in accordance with the terms of said policy, so that in the case at bar plaintiff's liability attached under the policy while said policy was a valid insurance contract existing between plaintiff and defendant, and plaintiff's recovery would be for the number of weeks that he is disabled at the rate of either $25 or $50 per week, depending upon the extent of his disability in accord-

ance with the terms and conditions of the insurance contract.

The attempt of defendant to cancel the policy under consideration could in no wise relieve it from its obligation to plaintiff under said contract. Plaintiff made his application for the insurance, and defendant, after investigation thereof and accepting his payment of premium thereon, issued the insurance policy in question.

The question of whether or not plaintiff's disability was in existence at the time of the acceptance and issuance of the policy, so as to in any way affect said policy, was a question of fact for the jury. The jury found for plaintiff, which renders their holding on said question in favor of plaintiff and against defendant. Thus the jury eliminated the question of defendant's right to cancel said policy as they attempted to do, because defendant's liability under the policy had attached thereto.

The other assignments of error presented in said cause need not be considered, because the assignment considered is conclusive of this appeal.

After careful consideration of the record, the authorities in the case at bar, and the error pointed out herein, we hold that the judgment of the trial court should be reversed and the cause remanded for further proceedings in conformity with this opinion.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

---

On Rehearing.

McNEILL, J. (specially concurring). After an investigation of the questions raised on rehearing, I desire to file this as a special concurring opinion. It appears that counsel for plaintiff have relied on the case of Donlen v. Fidelity & Casualty Co., 192 N. Y. Sup. 513. It is to be observed that the policy sued upon in this case is for the payment of a specified indemnity payable "at the expiration of each four weeks during the continuance of the period for which the company is liable."

In the case of Woods v. Provident Life & Accident Ins. Co. of Chattanooga, 240 Ky. 398, 42 S. W. (2d) 499, the court announced in its syllabus, paragraph No. 4, the following:

"Under accident policy providing for monthly indemnity, insured could not recover accident indemnity in lump sum for entire period of life expectancy as shown by mortality tables."

In the case of Howard v. Benefit Ass'n of R. R. Employees, 239 Ky. 465, 39 S. W. (2d) 657, the court considered an accidental and health insurance policy which provided that "the insurer agreed to pay the insured $80 per month 'for the first year of any illness (except such as is due to venereal disease), which is contracted and begins during the life of this policy and after it has been maintained in continuous force for 15 days from its date, then for the period of total loss of time, not exceeding 12 consecutive months, during which "such illness" shall wholly and continuously disable and prevent the insured from performing any and every kind of work or occupation for wages or profit'." The policy also provided that "immediately following such period of 12 months, and so long thereafter as insured shall continuously suffer total disability, * * *" the association would pay one-fourth of said monthly illness indemnity, etc. In that case the insured brought an action alleging that he had become totally disabled by illness by reason of injury. The company paid the stipulated monthly indemnity for a certain period and then ceased paying the monthly indemnity, and sought to cancel its policy. The insured alleged in this petition that his life expectancy was 32.36 years; that he was entitled to $15.60 per month during the remainder of his life, but on account of his physical condition he did not expect to live the full period of 32.36 years; that his physical condition was such that he would live for a period of 16 years, and he prayed damages for a breach of contract in the sum of $2,999.99. Subsequently he alleged in his amended petition "that he was wholly disabled from performing any duty and every kind of work or occupation for wages or profit and would be wholly and continuously disabled during the remainder of the period of his life, and on account of his physical condition he could not procure any other policy of insurance on his health of the same character and with the same provisions" contained in the policy issued to him. The trial court sustained the demurrer to the petition as amended. The Court of Appeals of Kentucky, on page 467 (239 Ky.) said:

"Here, if the appellee wrongfully fails or refuses to pay the idemnity due under the policy, a remedy is available to appellant by which he can recover the exact amount owing to him by the terms of the contract. If the averments of his petition are true and he has become totally disabled by illness for the remainder of his life, the appellee will be indebted to him at the end of

each month during his life in the sum of $20, subject to a credit of $4.40, the amount of the monthly premium. Under a contract like this the appellant should not be permitted to recover payments which, by reason of his death or recovery from his illness, might never accrue. Keith's Executor v. Hinkston, 72 Ky. (9 Bush.) 283; Frankfort & C. Railway Company v. Jackson, 153 Ky. 534, 156 S. W. 103. We have been cited and have found no case from this jurisdiction involving a suit on a health policy of insurance, the monthly indemnity being payable in installments, where the question now raised was presented, but there are numerous authorities from other jurisdictions in which the courts have held that a renunciation of the contract by the insurer would not authorize the insured in treating the contract as breached and suing for gross damages. It was further held in these cases that the insured could recover only for installments due, though all of the matured installments could be joined in one action. Some of the cases so holding are Metropoliton Life Insurance Co. v. Lambert, 157 Miss. 759, 128 So. 750; Donlen v. Fidelity & Casualty Co., 117 Misc. Rep. 414, 192 N. Y. S. 513; New York Life Insurance Co. v. English, 96 Tex. 268, 72 S. W. 58; State Life Insurance Co. v. Atkins (Tex. Civ. App.) 9 S. W. (2d) 290; Hardie v. Metropolitan Life Insurance Co. (Mo. App.) 7 S. W. (2d) 746; Bonslett v. New York Life Insurance Co. (Mo. Sup.) 190 S. W. 870; Commercial Casualty Insurance Co. v. Campfield, 243 Ill. App. 453; Atkinson v. Railroad Employees' Mutual Relief Society, 160 Tenn. 158. 22 S. W. (2d) 631. * * *

"In the instant case the contract was executed on appellant's part. Furthermore, the monthly indemnity to which he claims he is entitled is for total disability resulting from illness and not from injury, and he concedes in his pleading that his expectancy in life is uncertain by reason of the very illness which, as he claims, has disabled him. The case of Aetna Life Insurance Co. v. Phifer, 160 Ark. 98, 254 S. W. 335, likewise held that denial of all liability under the permanent total disability clause of an accident insurance policy by the insurer justified the insured in treating the contract as breached. It was held that the measure of damages was the amount the insurer would have been required to pay the insured under the contract, if it had not breached it, reduced to its present value. The injury to the insured, however, which resulted in his permanent disability, was not such as was calculated to reduce his expectancy in life. The rule announced in Aetna Life Insurance Co. v. Phifer, supra, seems to have been modified in the later case of Manufacturers' Furniture Co. v. Read, 172 Ark. 642, 290 S. W. 353, 354, wherein the court said: 'The most serious question raised in the case is whether or not there can be a recovery for im-

mature installments of the compensation earned under the contract. According to the uncontradicted proof, the compensation of $10 for each month after the renewal contract was payable monthly, and at the time of the commencement of the action there were only four payments, aggregating $40, matured. Counsel for appellee invoke the rule that where one party to a contract incapacitates himself from performance, or unequivocally refuses to perform, the other party may sue for the whole of the anticipated damages resulting from the breach. Counsel cite authorities in support of that rule, but the rule does not apply to contracts. either written or verbal, to pay money at specified times. Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; Moore v. Security Trust & Life Ins. Co. (C. C. A.) 168 F. 496. Where the contract, or the unperformed portion of it, is merely to pay money at specified times, the refusal to pay does not accelerate the maturity of installments which are not due under the contract.'"

In the case of Atkinson v. R. R. Employees Mutual Relief Soc., 22 S. W. (2d) 631, the Supreme Court of Tennessee announced this rule:

"In action at law for breach of contract of insurance payable in weekly or periodical installments. it is generally held that only those installments in default at time suit was brought may be recovered."

This same reasoning was applied by Judge Sanborn in the case of Moore v. Security Trust & Life Ins. Co.. reported in 168 Fed. 497. In this opinion, Judge Sanborn states:

"But this rule is inapplicable to, and it does not govern. actions upon bonds, notes, and upon other contracts to pay money at times specified, where the party of one part has completely executed the contract and it is executory only upon the part of the other party. No action for damages lies before the time of payment arrives against one who disables himself from paying, or gives notice that he will not pay, his obligations under contracts of this kind. Roehm v. Horst, 178 U. S. 1, 17, 18, 20 Sup. Ct. 780, 44 L. Ed. 953; Nichols v. Steel Co., 137 N. Y. 471, 487, 33 N. E. 561; Washington County v. Williams. 111 Fed. 801. 810. 49 C. C. A. 621, 630."

From the foregoing it appears that the policy provides for the payment of specified sums of money at specified times, and that the rule announced by the court of Appeals of Kentucky in the Howard Case, supra, is the correct rule to apply in an action to recover damages on a health insurance policy which provides for the payment of a specified indemnity at specified times, whenever the insurer ceases to pay. The insured cannot sue for gross damages,

but only for those installments in default at the time suit is instituted.

The rule contended for by plaintiff is applicable to mutual executory contracts, but **does not** govern in an action for the payment of money at times specified in a health and accident insurance policy, in the absence of an acceleration clause, where the party of one part has completely executed the contract, and it is executory only upon the part of the other party to the contract.