James B. **HENDERSON**, Appellant,

v.

**NATIONAL FIDELITY LIFE INSURANCE COMPANY**, Appellee.

No. 5802.

United States Court of Appeals
Tenth Circuit.

July 9, 1958.

Ellis M. Brown and Lonnie W. Brown, McAlester, Okl. (Preslie H. Brown, McAlester, Okl., was with them on the brief), for appellant.

Harry D. Moreland, Tulsa, Okl. (Doerner, Rinehart & Stewart, Tulsa, Okl., Morrison, Hecker, Buck, Cozard & Rogers, Kansas City, Mo., were with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

This diversity suit was brought by appellant, Henderson, against appellee Insurance Company, alleging the breach and repudiation of its health and accident policy, by the terms of which it agreed to pay appellant insured stated sums at stated intervals, while the insured was totally and continuously disabled.

It was alleged that under the bilateral obligations of the policy, the insured was required, after disability, to continue paying the premiums, to remain under the doctor's care, and submit to examination by the appellee's doctors when requested; that subsequent to the execution of the insurance contract in Oklahoma, he suffered accidental injury resulting in permanent and total disability; that after making some disability payments under the contract, the insurer had wrongfully rescinded and repudiated the policy. The prayer was for the amount of the cost to obtain a single premium life annuity equal to the defaulted disability payments, in the approximate sum of $60,000.

The trial court sustained a motion to dismiss the claim and gave judgment for the insurance company on the grounds that the accrued benefits under the policy did not aggregate the requisite jurisdictional amount; and that under controlling Oklahoma law, future benefits payable under the policy were not recoverable in this suit, hence the court lacked jurisdiction of the claim. This appeal challenges the correctness of that judgment, and our only question is whether the potential future benefits provided in the policy are computable in determining requisite amount in controversy.

Apparently without regard to substantive state law, the federal cases seem to hold that future benefits payable under an insurance contract like ours are jurisdictionally computable where the validity of the contract, and not merely the extent of liability thereunder, is the triable issue. Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582; Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872; Mutual Benefit Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570. This general rule is impliedly bottomed upon the traditional concept which allows total damages for a total breach. The reasoning is that where a party to a contract renounces and abandons it, the innocent party may treat it at an end and thereupon recover the presently ascertainable value of his bargain. See Roehm v. Horst, 178 U.S. 1, 20 S.Ct. 780, 44 L.Ed. 953. Where, however, the claimed breach falls short of repudiation or intentional abandonment, recovery cannot exceed the accrued benefits under the policy. See New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921; Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068; see also Annotation 165 A.L.R. 1073. The jurisdictional question has usually arisen in declaratory actions, where the insurer seeks to rescind, cancel and avoid the total policy obligation. i. e. see Guardian Life Ins. Co. of America v. Kortz, supra; Mobley v. New York Life Ins. Co., supra; Pacific Mutual Life Ins. Co. v. Parker, supra. But see also Commercial Casualty Ins. Co. v. Fowles, supra; Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535.

█ █ Whatever may be said for the jurisdictional rule based on general law, it cannot be said that a suit not maintainable for the jurisdictional amount in

Oklahoma courts could be maintained in a federal court, which, under the diversity rule, is but another forum for the adjudication of state law. i. e. see Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Cf. Byrd v. Blue Ridge Rural Electric Coop., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. The measure of damages for breach of contract is undoubtedly substantive law, as to which the state law is controlling.

Cognizant of the controlling effect of Oklahoma law, the trial court based its decision directly upon its interpretation of Mid-Continent Life Ins. Co. v. Christian, 164 Okl. 161, 23 P.2d 672, where the Oklahoma court rejected a suit to recover the present worth of a health and accident policy providing for periodic payments for permanent total disability. The contract there, like ours, provided for continued payment of premiums after disability; but unlike ours, provided in effect that the option to decline renewal premiums was without prejudice to existing claims for disability incurred while the policy was in force. Appellant insists that this difference in the contractual provisions of the two policies makes the Christian contract unilateral and ours bilateral; that the suit was brought and maintained in the Christian case by an insured who had fully performed his obligations under the contract, and that the decision there necessarily rests upon the principle which usually limits the right of recovery on a unilateral contract of this kind to accrued benefits. The burden of the appellant's contention is that unlike the Christian contract, our contract imposing, as it does, the obligation to pay premiums even after disability, makes applicable the rule of total damages for total breach, as in bilateral contracts.

Our attention is directed to pertinent comment by one of the justices concurring on rehearing in the Christian case, indicating that the rule and result would have been different if the contract sued upon had been mutually executory. But the language used and adopted in the controlling opinion of the court is unequivocally plain to the effect that the rule usually applicable to the total breach of an executory contract is inapplicable in Oklahoma to contracts to pay money at specified times. Significantly, the court followed an earlier Oklahoma case (Mid-Continent Life Ins. Co. v. Walker, 128 Okl. 75, 260 P. 1109), which specifically embraced the concept that an insured could not recover benefits that have not accrued, and which in the course of events, might never accrue. The Christian case also quoted from a New York case (Donlen v. Fidelity & Casualty Co., 117 Misc. 414, 192 N.Y.S. 513) to the effect that since the policy stated definitely when and under what circumstances the weekly indemnity is to be paid, it was the intention of the parties as evidenced by the policy to pay only at the times and manner specified in the policy. And see Howard v. Benefit Ass'n of Railway Employees, 239 Ky. 465, 39 S.W. 2d 657, 81 A.L.R. 375; see also Annotations 81 A.L.R. 379; 99 A.L.R. 1171; Vol. 5, Williston, Rev.Ed., § 1330A.

While the Christian case did not cite American Ins. Union v. Woodard, 118 Okl. 243, 247 P. 401, it did draw a distinction between suits on life contracts where "the elements to be considered are much different from those to be considered in health and accident policies [164 Okl. 161, 23 P.2d 674]." And, it expressly rejected the theory on which the trial court had submitted the case to the jury based upon present worth of the policy.

Whatever may be said for the distinction between the measure of damages for breaches of unilateral and bilateral contracts, i. e., see Cardozo in New York Life Insurance Company v. Viglas, supra, we agree that the Oklahoma court drew no such distinction in the Christian or Walker case.

Section 22, Title 23 O.S.A., provides that "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon." The statute has not been con-

strued by the Oklahoma courts in contracts like ours. It was not called to our attention by either of the parties to this litigation. And we are not certain of its application here. If, however, it is found to be applicable, it is, we think, in consonance with our interpretation of Oklahoma decisional law.

The judgment is affirmed.