Phil E. WHITE, Appellant,

v.

The NORTH AMERICAN ACCIDENT INSURANCE COMPANY, a corporation, Appellee.

No. 7107.

United States Court of Appeals
Tenth Circuit.

March 22, 1963.

**6**

Paul Pugh, Oklahoma City, Okl., for appellant.

Paul Dudley, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an order of the trial court sustaining appellee's motion to dismiss appellant's diversity suit for declaratory relief, on the ground that the requisite jurisdictional amount does not exist. The suit was brought by a medical doctor on appellee's group health and accident insurance policy, issued to members of the Oklahoma Medical Association. Under Part II, the policy pertinently provides for the payment of $600 per month for total disability due to accident, when the injury "wholly and continuously disables and prevents the insured from performing each and every duty pertaining to his occupation * * * not to exceed 60 consecutive months." And, thereafter, "so long as the insured lives and is wholly and continuously disabled * * * from engaging in each and every gainful occupation for which he is reasonably fitted * * *." Under Part III, the policy pertinently provides for the same monthly indemnity, due to sickness, while "wholly and continuously" disabled from performing the duties of his occupation, provided that no indemnity under this part is payable for disability beyond the insured's seventy-second birthday.

Appellant alleges that an accidental injury has rendered him wholly and continuously disabled within the terms of the policy; that the appellee has paid him thereunder, at the rate of $600 per month, totaling $10,200, for total and continuous disability; and, that the Company has since tendered payments of $600 per month, totaling $6,000, but has endorsed on the checks, "Payment under Part III" of the policy, i. e., monthly sickness indemnity—under which payments will terminate at the expiration of three years. He specifically alleges "total and permanent disability" and claims monthly indemnity under Part II of the policy for the period of his life expectancy, calculated to be $106,128.

If, of course, the declaration on the policy is properly for the sum of $106,128, the requisite amount in controversy is present. And, the Court's jurisdiction is usually measured by the averments of the complaint, but as the declaration is necessarily on the policy, its pertinent provisions must govern appellant's right to recovery under applicable Oklahoma law, and the jurisdictional amount in controversy must be governed accordingly. For, a suit which is not maintainable for the jurisdictional amount in the Oklahoma courts cannot be maintained in the federal court. Henderson v. National Fidelity Life Insurance Co., 10 Cir., 257 F.2d 917.

In the first place, the policy does not provide indemnity for total and permanent disability, but only for monthly payments so long as the insured is wholly and continuously disabled. But even so, this is not a case for declaration of non-liability for invalidity, justifying "total damages for total breach" measured by the present value of the contract. See: Pacific Mut. Life Ins. Co. of California v. Parker, et ux, 4 Cir., 71 F.2d 872; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Mutual Benefit Health & Accident Ass'n. v. Fortenberry, 5 Cir., 98 F.2d 570; and Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582. And see also: N. Y. Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; and Henderson v. National Fidelity Life Ins. Co., supra. Our contract simply provides for the payment of a stipulated monthly indemnity, contingent upon continuous total disability.

Our actual controversy turns on a construction of the policy, which conditions the Company's liability, depending upon whether the tendered benefits are payable under Part II (accident) or Part III (sickness).

The appellant would aggregate the $10,200 already paid and accepted by him, and the $6,000 tendered but not accepted by him, to make up the jurisdictional amount, but the $10,200 has been unconditionally paid and accepted by the complainant, apparently under Part II of the policy, and in any event, is not in controversy. The question whether the tendered $6,000 is applicable to complainant's disability under Part II or Part III of the contract does, indeed, present a justiciable controversy for declaratory relief. But, whether the insured or the insurer is the suitor, the controversy does not involve in excess of the accrued amount. If the declaration should be for the plaintiff-appellant, the amount of his recovery would be limited to the accrued monthly payments. See: Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; and Mid-Continent Life Ins. Co. v. Christian, 164 Okl. 161, 23 P.2d 672.

The judgment is affirmed.