**STATE LIFE INS. CO. v. ATKINS.**
(No. 3568.)

Court of Civil Appeals of Texas.   Texarkana.
July 5, 1928.

Arnold & Arnold, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). ▮ It is insisted the trial court erred when he refused to sustain appellant's plea that—

Appellee "had not furnished due, proper and satisfactory proofs showing that he was totally and permanently disabled, so that he is or will be permanently, continuously, and wholly prevented thereby from performing work for compensation or profit or from following any gainful occupation."

The "proofs" furnished by appellee with his claim consisted of his affidavit and the affidavit of a physician. Appellee's affidavit was dated April 11, 1927, and was to the effect that he was injured by falling through the roof of a boiler shed onto a "piece of timber 4x6 inches, thereby crushing his backbone at the small of his back," in consequence of which he had been "totally disabled from the 6th day of September, 1926; that to the best of his knowledge and belief such disability will be permanent, and that he will be continuously and wholly prevented thereby from performing any work for compensation or financial gain." In the physician's affidavit, also dated April 11, 1927, it was stated that the injury to appellee was "a fracture of the twelfth dorsal vertebra," the "prognosis" of which was "indefinite"; and it was stated, further, that appellee was not then able to engage in any gainful occupation,

and that his disability was "total (quoting) and may be permanent."

The contention that the proof specified was insufficient ignores, without disclosing a reason for doing so, the affidavit of the appellee, and is based on the physician's statement that his prognosis of the injury was "indefinite," and on his statement that appellee's disability might be, instead of that it was, permanent. It seems there was no stipulation in the policy in regard to the proof other than that it should be "satisfactory." The effect of that stipulation was not to give appellant an exclusive right to determine whether the proof furnished was sufficient or not. Hence appellant's conclusion that it was insufficient was not binding upon appellee. It was for the court, when appealed to, to say whether it was "satisfactory" or not. 14 R. C. L. 1337. And we think the court did not err when he determined that it was prima facie sufficient. Evidently it was not contemplated that the proof should be absolute that the disability was "permanent" in the sense in which that word is ordinarily used, for the contingency of a recovery from the disability was provided for.

▮ Appellant's contention that the court below erred "in rendering any judgment at all" against it is on the theory, it seems, that the evidence at the trial did not warrant a finding that appellee was "totally and permanently disabled" within the meaning of the policy. At the trial, had more than 15 months after he suffered the injury in question, appellee testified he "did not know any other kind of work than hard manual labor" and had not "done any work of any kind or been able to do any" since the accident. The testimony of his wife was to the same effect. Dr. E. L. Beck testified he did not think a man in the condition appellee was in at the time of the trial could do any hard manual labor, and that it was not likely that condition would become better. He further testified:

"Mr. Atkins (appellee) received a fracture of the twelfth dorsal vertebra, and it shows a wedge-shaped condition at this time. Also, the vertebra looked as though it had been mashed, the bone, however, being in generally good shape; that is to say, it has not been greatly impressed. The same cannot be improved by treatment so far as I know, but time may relieve some symptoms and give him better use of his body. On the other hand, it may result in greater disease of the body. * * * As to his clerking in a store, it would be all right if he were not standing on his feet too much. In standing on his feet that vertebra, instead of being normal, that injury drove it down and flattened and lessened the space there, and I think being constantly on his feet would be hurtful. If he had a place where he could be perfectly easy, I imagine he could do something. * * * I imagine he could sit in a picture show window and take up tickets a part of the time anyway; he ought to be both off and on his feet."

292

The contention is believed to be without merit, and is overruled. Fidelity Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806; Bonding Co. v. Bryant (Tex.) 240 S. W. 893; Fidelity Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326; 14 R. C. L. 1315.

We think the trial court erred in the part of his judgment copied in the statement above. He should not have awarded appellee a recovery of sums not due at the date of the judgment, and he should not have undertaken to retain jurisdiction of the cause after rendering judgment for monthly payments then due. Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; Knights of Maccabees v. Cox, 25 Tex. Civ. App. 366, 60 S. W. 971; Security Union Casualty Co. v. Oil Corporation (Tex. Civ. App.) 1 S.W.(2d) 1112; Southwestern Surety Ins. Co. v. Curtis (Tex. Civ. App.) 200 S. W. 1162; Implement Co. v. Frey (Tex. Civ. App.) 200 S. W. 1143. We think the trial court erred further when he awarded appellee a recovery of $150 as attorney's fees. The allowance was made, it seems, on the erroneous theory that judgment could be rendered for monthly payments to become due as well as for payments already due.

We do not think appellee was entitled to recover more than half the sum adjudged to him as an attorney's fee, and will reverse the judgment and remand the cause for a new trial, unless a remittitur of $75 of the amount is filed here within ten days from this date. If such a remittitur is filed, the judgment will be so reformed as to eliminate the portion thereof copied in the statement above, and as to award appellee a recovery of only $75 as attorney's fees, and as so reformed will be affirmed.