## PARKS v. MARYLAND CASUALTY CO.

No. 8196.

District Court, W. D. Missouri, W. D.

March 31, 1932.

C. S. Walden and Martin, Scheufler & Carbaugh, all of Kansas City, Mo., for plaintiff.

James D. Reeves and Harris & Koontz, all of Kansas City, Mo., for defendant.

OTIS, District Judge.

Defendant has moved to strike from the second amended petition of the plaintiff certain parts thereof, as follows:

(1) That part in the second paragraph reciting that a verified copy of the policy of insurance is attached to the petition.

(2) That part of the petition which refers to facts occurring subsequent to the filing of the petition.

(3) That part of the petition in which the plaintiff seeks to recover damages on account of injury for the period of his life expectancy.

(4) That part of the petition which asks damages for vexatious delay.

Upon the oral argument the defendant did not insist upon the first two subdivisions of its motion, and the plaintiff agreed that the last subdivision of the motion might be sustained. What is for consideration then is the third subdivision of the motion.

The plaintiff's petition, after setting out that part of the policy of insurance wherein it is agreed that, "after the payment of weekly indemnity for fifty-two (52) weeks as aforesaid, the company will continue weekly payments of the same amount thereafter so long as the insured shall be wholly and continuously disabled by such bodily injury from engaging in any occupation or employment for wage or profit," alleges that the plaintiff, by reason of the accident described, is "wholly and continuously disabled by such bodily injury from engaging in any occupation or employment for wage or profit and will be so disabled for and during the balance of his natural life." It is further alleged that the defendant "has deliberately breached, rejected, repudiated and abandoned its contract of insurance with the plaintiff without just cause or excuse." It is alleged that the plaintiff "has fully performed all the terms and conditions of his contract on his part." The plaintiff prays for judgment not only for what may now be due under the contract by its terms, but for the full amount which the plaintiff would recover at the fixed weekly indemnity for the period of his life expectancy.

1. The theory that an insured in a policy of accident insurance may presently sue for the recovery of what by the terms of the insurance contract might be coming to him in the future if there is a repudiation of the entire contract by the insured has quite often been presented as in the petition here, since a decision by the Court of Appeals for the Sixth Circuit in Federal Life Insurance Company v. Rascoe, 12 F.(2d) 693, 697. The decision in that case was chiefly based on the opinion of the Supreme Court of the United States in Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 785, 44 L. Ed. 953. The Rascoe Case represents the extreme development of the theory. It was decided by a divided court, a very convincing dissenting opinion by Circuit Judge Denison holding that the majority had in its application of the law to the facts extended the doctrine of Roehm v. Horst beyond the limits of that doctrine as it was declared by the Supreme Court.

The petition here, in the part thereof now under consideration, is not good even under the majority opinion in Federal Life Insurance Company v. Rascoe. That opinion holds that before a suit for damages for future payments may be presently maintained, the contract must be executory on both sides. But it was ruled that the particular contract there considered was executory on both sides since there remained for the insured certain things to be done before he was entitled to continued payments for total disability. The difference between the dissenting opinion and the majority opinion chiefly is the view of Judge Denison that the contract was not executory on the part of the insured, that the things which were yet required of him were conditions precedent to the receipt of future payments and not obligations imposed upon him by the contract.

The Rascoe Case does not support the petition here, because the plaintiff here alleges he has performed all obligations required of

him by the contract. Nothing remains for him to do; so far as he is concerned, if the allegations of the petition are to be taken at their face value, the contract has been executed.

Learned counsel for the plaintiff, recognizing that even the majority opinion in the Rascoe Case affords insufficient basis for the plaintiff's petition, earnestly contends that Roehm v. Horst does not rule that a contract must be executory on both sides before an action may be maintained for future payments called for by the contract. Because of this contention, I have carefully read and re-read the decision of the Supreme Court in the Roehm Case. I am convinced from this study of the Roehm Case that the Supreme Court does rule that it is necessary to and an indispensable condition of the maintenance of such an action as the one here that the contract involved shall be executory on both sides.

The opinion in Roehm v. Horst contains an exhaustive review of English and American cases. It approves and adopts the doctrine of the English courts as declared in Hochster v. De la Tour, 2 El. & Bl. 678, and the reasoning of those courts. It is necessarily implied in Hochster v. De la Tour that, before a party to a contract who was injured by the positive and unqualified refusal to carry out the contract could presently sue on account of that breach, he must have some obligation under the contract to perform. I say that is implied. It cannot be said it is expressly so declared. Speaking of Hochster v. De la Tour, the Supreme Court said that in that case it was agreed by the judges that the repudiation by one party to the contract before giving the other party a right to a present action must have been accepted absolutely and unequivocally by him, "must have been acted on" by him. Now, of course, when a contract has been repudiated by one party, the other party accepting that repudiation cannot act upon it unless there remains something for him to do under the contract.

Then why is it necessary that the party seeking present recovery of future benefits must have acted upon the renunciation of the contract by the party from whom he seeks to recover such benefits? The reason apparently is, although Roehm v. Horst does not clearly present the reason, that only so may he assert estoppel against the party who has renounced the contract. If the renunciation of the contract by one party has not led the other to some action with respect to it disadvantageous to himself, then there is no basis for estoppel.

So the Supreme Court said: "In the case of an ordinary money contract, such as a promissory note, or a bond, the consideration has passed; there are no mutual obligations; and cases of that sort do not fall within the reason of the rule."

And, further, the Supreme Court said, quoting with approval the language of Judge Peckham, later Mr. Justice Peckham, in Nichols v. Scranton Steel Company, 137 N. Y. 471, 487, 33 N. E. 561: "It is not intimated that in the bald case of a party bound to pay a promissory note which rests in the hands of the payee, but which is not yet due, such note can be made due by any notice of the maker that he does not intend to pay it when it matures. We decide simply this case where there are material provisions and obligations interdependent."

Continuing, the Supreme Court said: "We think it obvious that both as to renunciation after commencement of performance and renunciation before the time for performance has arrived, money contracts, pure and simple, stand on a different footing from executory contracts for the purchase and sale of goods."

Quite obviously the only difference between a money contract pure and simple and such a contract as was considered in Roehm v. Horst is that the first is not executory on both sides. As the Supreme Court said in such a money contract "the consideration has passed; there are no mutual obligations."

Clearly it is held in Roehm v. Horst that a present suit for future benefits may be maintained only upon a contract executory on both sides. Where, as in the case of a promissory note calling for payment at a future time, one party has fully performed, "Where his part of the contract has been executed by the plaintiff, he has nothing to do but to wait, and to do so continues to be in his power. His position will not be prejudicially changed by defendant's repudiation; and hence he will have no estoppel to rely upon to precipitate the defendant's obligation." Judge Denison's dissenting opinion in the Rascoe Case.

Applying the doctrine of Roehm v. Horst to this petition, it must be ruled that a cause of action is not stated in the petition here, since it is affirmatively alleged that the contract has been fully executed by the plaintiff. He has, he alleges, "fully performed all the terms and conditions of his contract on his part."

■ 2. There is still another reason why the motion to strike should be sustained. Even

as to a contract which is executory on both sides there may be no present suit to recover future benefits unless there is a showing, first, by allegation, by proof thereafter, that there has been an absolute renunciation of the contract. The petition here alleges no fact establishing such an absolute renunciation. It alleges that the insurer has "deliberately breached, rejected, repudiated and abandoned its contract," but those are mere conclusions. No facts are alleged supporting such conclusions, but such facts must be alleged before the petition, in any event, could be held to state a cause of action.

### Order.

Defendant's motion to strike is overruled as to parts 1 and 2 thereof, and is sustained as to parts 3 and 4 thereof. It is so ordered.