KITHCART v. METROPOLITAN LIFE INS. CO.

KEVAN v. JOHN HANCOCK MUT. LIFE INS. CO.

Nos. 8389, 8391.

District Court, W. D. Missouri, W. D.

Sept. 15, 1932.

James R. Sullivan and Charles N. Sadler, both of Kansas City, Mo., for plaintiffs.

Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., for defendants.

REEVES, District Judge.

Motions have been filed in both the above cases to strike out certain allegations of the petitions. The question presented by such motions is whether the plaintiffs are presently entitled to recover future installments in case of disability benefits.

Both plaintiffs held disability insurance contracts. These provided for the payment of specified installments upon a showing of total disability. In each case proofs of such disability were tendered, and in No. 8389 payments were actually made for a brief period, but in each case liability has been denied by the defendants. The plaintiffs, therefore, have brought suit on the policies and ask judgment for the accrued as well as for the future installments, in accordance with the life expectancy of the several plaintiffs.

Without discussing the technical allegations of the petitions, or the language of the motions filed by the several defendants, it is sufficient to say that these motions raise the specific question in each case as to the liability of an insurance company for present recovery of future installments when liability has been denied.

Plaintiffs rely especially on Federal Life Insurance Company v. Rascoe (C. C. A.) 12 F.(2d) 693, 695. This opinion was delivered by the Court of Appeals of the Sixth Circuit. The majority opinion upheld the right to recover upon the whole contract independently of its provisions for future installments.

However, it was pointed out by the court that there was no separate finding of facts in the case, which was tried to the court without the intervention of a jury. The court said: "Without such separate findings of facts, neither the evidence nor the question of law presented by it is reviewable by this court."

It was then said by the court that the plaintiff "does not rely upon an anticipatory breach, * * * but upon an actual breach, * * * coupled with an actual repudiation of the entire contract."

In order to bring the case within the doctrine of Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 786, 44 L. Ed. 953, the court said: "This contract therefore, is not an unconditional promise to pay a sum certain in installment, or in gross, where plaintiff has fully performed. On the contrary, she is required every 30 days to submit her person to the examination of a physician and pay the physician for making such examination and for preparing a report in writing to be forwarded to the company."

The foregoing statement was made because of the almost universal doctrine that, in the absence of mutual obligations, recovery cannot be had for future installments, as in the case of bonds and notes. In other words, in the absence of mutual obligations, future installments cannot be matured on the grounds of a breach of contract. The rule was well stated in the Horst Case, supra, as follows: "We decide simply this case where there are material provisions and obligations interdependent."

The following principle was announced in the Horst Case, supra, which appears applicable here: "We think it obvious that both as to renunciation after commencement of performance and renunciation before the time for performance has arrived, money contracts, pure and simple, stand on a different footing from executory contracts for the purchase and sale of goods."

The instant cases are "money contracts, pure and simple." Each of the defendants

promised to pay money installments upon certain contingencies. It is claimed by the plaintiffs that the certain contingencies have occurred. The obligations of the defendants are to continue the payment of certain installments so long as such contingencies exist.

It is true that the defendants required proof of the continuing existence of the conditions upon which their obligations rested. There was no contractual duty upon the plaintiffs. Their contractual obligations were to pay premiums, and then, upon the happenings insured against, liability accrued against the defendants. This court cannot accept as law the statement of the majority opinion in the Rascoe Case, supra, that the mere examination of a physician every thirty days imposed upon the insured an executory contractual obligation, although such question is not in this case.

The plaintiffs are not required to sue for installments not yet matured. All they need to do is to sue for matured installments, and, if successful, the judgment would not be a bar to further suits on installments hereafter maturing.

The same matters have been before Judge Otis, who reached correct conclusions in his several memorandum opinions submitted with the briefs.

In view of the foregoing, defendants' motion to strike in each case should be sustained.