## WYLL v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

### No. 4528.

District Court, N. D. Texas, Dallas Division. May 18, 1933.

John T. Gano, of Dallas, Tex., for plaintiff.

Rhodes S. Baker, of Dallas, Tex., for defendant.

ATWELL, District Judge.

The plaintiff claims that in the latter part of 1921 the defendant issued to him its policy wherein $500 per month were promised if and when he should become so disabled as to suffer a "total loss of his business time." That in March, 1932, the automobile in which he was riding collided with a railway train and as a result thereof he suffered certain bodily injuries which have resulted in the disability provided for in the policy and which entitles him to recover. He claims that his disability will last for thirty years—his life expectancy —and that by reason of the defendant's "failure and refusal" to pay the $500 per month due him it "has rejected the said policy in its entirety." That such rejection amounted to a repudiation of its obligation under such contract.

There are a number of demurrers and exceptions to this alleged right of recovery of $180,000 plus $25,000 attorney's fees, and plus interest and 12 per cent. statutory penalty, but they may be grouped under the suggestion that such contest of its liability on

the policy should not subject it to the penalty that would result from a rejection, repudiation, and abandonment of its contract.

The plaintiff relies upon Federal Life Insurance Company v. Rascoe (C. C. A.) 12 F. (2d) 693. In that case Circuit Judge Donahue used the case of Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953, which is probably the outstanding treatment and announcement of the doctrine concerning the renunciation of a continuing agreement by one party and the result upon the obligation that theretofore rested upon the other party. Circuit Judge Denison, in his dissent, makes a strong showing by the use of the case as a support to his position.

It is possible that in the Rascoe Case the observation of the court concerning the fact that the finding was a necessary result, since without separate findings of fact neither the evidence nor the question of law was reviewable, is the key to the difference. There a jury trial had been waived and the trial judge had made no findings.

In this case the pleadings make it certain that the plaintiff relies for recovery upon the fact that the defendant refused to pay. It should be added that the defendant pleads the validity of the contract.

It is difficult for me to hold that the mere act of the defendant in questioning the plaintiff's right to claim payment of monthly installments as they accrue does thereby create a liability which is not contemplated in the contract of the parties. They agreed among themselves that if and when the plaintiff became disabled so as to "lose his business time" that he should be paid $500 for every month in which he continued to remain in that condition. It may be true that the condition in which he is now will continue for the remainder of his life. It may be that that can be established by the testimony, but that is not the plaintiff's cause of action as alleged here, nor is it the contract between the parties. Beside the Rascoe Case, and, Roehm v. Horst, supra, there are Howard v. Benefit Association of Railway Employees, 239 Ky. 465, 39 S.W.(2d) 657, 81 A. L. R. 375; Kithcart v. Metropolitan Life Insurance Company (D. C.) 1 F. Supp. 719; Parks v. Maryland Casualty Co. (D. C.) 59 F.(2d) 736, which interest. See, also, Washington County, Neb., v. Williams (C. C. A.) 111 F. 801; Moore v. Security Trust & Life Insurance Company (C. C. A.) 168 F. 496; New York Life Insurance Company v. English, 96 Tex. 268, 72 S. W. 58; State Life Insurance Co. v. Atkins (Tex. Civ. App.) 9 S.W.(2d) 290; and

Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084. In the last case we will, of course, see the difference between one who anticipates nonmarriage and one who claims a future disability, but the reasoning is entertaining upon that feature of the plaintiff's cause.

I think that the demurrers and exceptions which are directed at that portion of the plaintiff's petition which seeks to recover for future months should be sustained. That leaves the cause for trial as to the period which has elapsed since the alleged accident.