## GINSBURG v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.\*

District Court, S. D. New York.
July 6, 1933.

*For opinion reversing order, see 69 F.(2d) 97.

O'Brien, Boardman, Conboy, Memhardt & Early, of New York City, for plaintiff.

Edwin A. Jones and Katz & Sommerich, all of New York City, for defendant.

BONDY, District Judge.

■ Although the decisions are conflicting as to the proper measure of damages upon the breach of an executory contract of accident insurance, by the weight of authority the plaintiff in this action cannot recover an amount sufficiently large to give this court jurisdiction. See Roehm v. Horst, 178 U. S. 1, 18, 20 S. Ct. 780, 44 L. Ed. 953; Kithcart v. Metropolitan Life Ins. Co. (D. C.) 1 F. Supp. 719; Parks v. Maryland Casualty Co. (D. C.) 59 F.(2d) 736; Woods v. Provident Life & Accident Ins. Co., 240 Ky. 398, 42 S. W.(2d) 499; Metropolitan Life Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750; Green v. Inter-Ocean Casualty Co., 203 N. C. 767, 167 S. E. 38; Losnecki v. Mutual Life Ins. Co., 106 Pa. Super. Ct. 259, 161 A. 434; State Life Ins. Co. v. Atkins (Tex. Civ. App.) 9 S.W.(2d) 290; cf. Federal Life Ins. Co. v. Rascoe (C. C. A.) 12 F.(2d) 693; Aetna Life Ins. Co. v. Phifer, 160 Ark. 98, 254 S. W. 335. Nor can the collateral effect of a judgment be considered in determining the amount actually involved in this action. Mutual Life Ins. Co. of New York v. Wright, 276 U. S. 602, 48 S. Ct. 323, 72 L. Ed. 726, affirming (C. C. A.) 19 F.(2d) 117; Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249.

The objection to the jurisdiction of this court cannot be waived. The counterclaim therefore cannot operate as an estoppel against defendant.

The fact that the authorities are conflicting as to the proper measure of damages, giving rise to a dispute with reference thereto, does not constitute a "controversy" within the meaning of the statute (Jud. Code § 24 [28 USCA § 41]) granting jurisdiction. The controversy as to the court's jurisdiction must be decided. See Vance v. W. A. Vandercook Company, 170 U. S. 468, 18 S. Ct. 645, 42 L. Ed. 1111; cf. Davies v. Sun Life Assur. Co. (D. C.) 2 F. Supp. 955, 959.

The motion accordingly must be granted.