**SMITH v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.**

**No. 5079.**

District Court, W. D. Oklahoma.

July 27, 1933.

F. E. Young and W. A. Blakeburn, both of Oklahoma City, Okl., for plaintiff.

J. B. Dudley, of Oklahoma City, Okl., and Cleary, Horan & Skutt, of Omaha, Neb., for defendant.

VAUGHT, District Judge.

The plaintiff, after alleging jurisdictional facts in his petition, states that on the 2d day of June, 1927, defendant association issued its policy of insurance to the plaintiff insuring him against accidental death and against loss of time for accident or illness; that said policy provided for the payments by the assured of $36 annually or $9 quarterly, as premium; that plaintiff paid all premiums to the defendant necessary to continue the policy in full force and effect to October 1, 1932, and that same were accepted by defendant association; that on the 12th day of May, 1932, plaintiff was stricken with an illness which immediately confined the insured continuously within doors, required regular visitation by a physician and that said illness, resulting in total disability, has been continuous from that time until the filing of this suit; that on

June 27, 1932, plaintiff paid to the defendant $9, the amount of the quarterly premium, which premium became due on July 1, 1932; that on the 14th of July, 1932, the defendant, from its home office in Omaha, Neb., returned the $9 payment to the plaintiff, advising that they could not accept the premium; that plaintiff made numerous efforts to pay the premium on the policy, all of which were refused, and under date of September 23, 1932, plaintiff caused to be mailed to defendant association $9 in currency, which was returned by the defendant with the statement that the defendant was returning the offered premium and exercising its option under the additional provisions of the contract in returning the premium, and indicating that the policy had lapsed as of July 1, 1932; that the defendant received due notice of plaintiff's disability as of May 12, 1932.

Plaintiff further pleads the noncancelable indorsement which was made part of the policy, as follows: "The association can not cancel this policy during any period for which the premium has been paid. It is further understood and agreed that this policy can not be canceled by the association during any period of disability of the insured."

Plaintiff then alleges that under the terms of the policy he was to receive during the disability $100 per month, beginning May 12, 1932, and continuing so long as assured was totally disabled. Plaintiff further alleges that the age of the plaintiff on May 11, 1932, was fifty-two years, and that at that time he had an expectancy of life under the American Experience Table of Life of 19.49 years but, based upon the statements by competent medical practitioners who had attended and treated plaintiff since the beginning of his disability, said expectancy of life is reduced from 19.49 to 10.34 years.

Plaintiff further alleges that defendant association carried the contract so long as the plaintiff was an insurable risk and then sought to cancel same, and that plaintiff is now unable to procure additional insurance, and because of the defendant's cancellation of said policy this defendant is entitled to a sum equal to the sum of $100 per month during the total disability for 10.34 years, or $11,328.64, for which sum he sues.

■ Defendant has filed a demurrer to the petition for the reason that the same does not state facts sufficient to constitute a cause of action against it or to entitle

plaintiff to relief sought; and this matter comes on for hearing upon the demurrer of the defendant. For the purposes of the demurrer the allegations of the petition are taken as true. There are certain provisions of the policy which it is necessary for the court to construe in order to determine whether the plaintiff's petition states a cause of action. Under the standard provisions of the policy, section 10 provides: "Upon request of the insured and subject to due proof of loss all of the accrued indemnity for loss of time on account of disability will be paid at the expiration of each month during the continuance of the period for which the Association is liable and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

Under additional provisions, section C provides:

"The copy of the application endorsed hereon is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of $46.00 on the first year; and the payment in advance of premiums of $36.00 annually of $9.00 quarterly, thereafter, beginning with October 1, 1927, is required to keep this policy in continuous effect. If any such dues be unpaid at the office of the Association in Omaha, Nebraska, this policy shall terminate on the day such payment is due. The mailing of notice to the Insured at least fifteen days prior to the date they are due shall constitute legal notice of dues.

"The acceptance of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required."

■ Clearly under the last-quoted paragraph the defendant company has a right to terminate this policy and to refuse to accept future premiums. This right, however, is limited by the noncancellation indorsement, which is as follows: "The Association can not cancel this policy during any period for which the premium has been paid. It is further understood and agreed this policy can not be canceled by the Association during any period of disability of the insured."

That simply means that if the plaintiff became disabled on the 12th day of May, 1932, that thereafter so long as the disability remained continuously the policy was

noncancellable. Furthermore, if the premium was paid up to the first day of July, 1932, that it could not be canceled prior to that date. However, the company would have the right on July 1st to exercise its option as above stated and decline to accept further premiums, subject, however, to the rights of the plaintiff then existing. This, though, did not cancel the policy during the disability of the plaintiff, and if, at the time his total disability began, the policy was in full force and effect, it would continue in full force and effect regardless of the payment of the premiums, since the plaintiff tendered his dues on July 1st and several times thereafter, and the dues were refused. The refusal, however, of the defendant to accept the dues on July 1st did not interfere with the continuation of the policy, the disability of the plaintiff having begun on May 12, 1932.

Assuming, therefore, for the purposes of this demurrer that the policy was in full force and effect on May 12, 1932, and that the premium or dues had been paid up until July 1st, did the plaintiff have a right to payment based on his disability for the reasonable expectancy of his life in a lump sum? The court does not think so.

A policy is a written contract, and the right of the plaintiff to collect for disability is based solely upon the terms of the contract, and section 10 of the standard provisions above quoted specifies in what manner the plaintiff may be paid for his disability, and that section of the policy provides for the payment for the loss of time on account of disability "at the expiration of each month during the continuance of the period for which the Association is liable and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

The question of whether or not the plaintiff is disabled is a question of fact, and the policy provides that plaintiff shall make application at the end of each month, and that the payment for each month shall be made at the end of each month.

In Kithcart v. Metropolitan Life Insurance Co., 1 F. Supp. 719, the District Court of the Western District of Missouri held: "Disability insurance contracts payable in installments held 'money contracts' on which action cannot be maintained for future installments because of insurer's breach, but only for installments as they mature."

It is true that the Oklahoma Supreme Court has held that the present value of an insurance policy may be considered the basis of determining the measure of damages for breach of a policy contract, but these cases are based upon life insurance policies.

In the case at bar there is no breach of contract except the failure of the company to pay the monthly sums provided in the contract since the date of disability, and there is no allegation in the petition that the plaintiff himself has complied with the provision of the policy relative to said payments.

In a recent case by the Oklahoma Supreme Court, Mid-Continent Life Insurance Co. v. Christian, 164 Okl. 161, 23 P. (2d) 672, the court said: "Where plaintiff secures a health and accident policy from defendant, under the terms of which defendant agrees to pay plaintiff weekly payments for disability, the amount to be recovered under said policy is determined by the terms of said policy."

The second syllabus from this opinion said: "The amount to be recovered for the breach of a health and accident policy is not to be determined under the same rule as a recovery upon the breach of a life insurance policy, and, where the trial court instructs the jury upon principles of law applicable to the recovery under life insurance policy, but not applicable to the recovery under a health and accident policy, the same is reversible error, and will be reversed upon appeal."

Third syllabus: "Where defendant issues an insurance policy to plaintiff under the terms of which said policy may be canceled at any premium paying time, but said policy has a proviso therein that said termination shall be 'without prejudice to any claim then existing and for which due notice has been filed at the home office of the company,' the termination of the said policy by the insurance company does not in any way affect a claim that had accrued prior thereto."

In the case at bar, assuming that defendant had the right to cancel the policy, it could not do so prior to the end of the period for which the premium had been paid, and, secondly, it could not do so during the disability period.

In Parks v. Maryland Casualty Co., 59 F.(2d) 736, the District Court for the Western District of Missouri also held:

"1. Petition in action on accident policy affirmatively alleging contract had been fully executed by insured did not state cause of action for damages on account of injury for period of life expectancy.

"2. Contract must be executory on both sides in order that suit for damages for future payments may be presently maintained."

While it is clear under the allegations of this petition that plaintiff has a cause of action against the defendant for the monthly payments which have matured since the beginning of his disability, yet there has been no breach of contract which would justify the plaintiff in asking for the sum that would be due plaintiff during his life expectancy in a lump sum.

The court is of the opinion that plaintiff has brought the wrong kind of action.

The demurrer is sustained, and an exception allowed plaintiff.