**MENSSEN v. TRAVELERS' INS. CO.**

**No. 5623.**

District Court, E. D. New York.

Nov. 22, 1933.

Debevoise, Stevenson & Plimpton, of New York City (W. E. Stevenson and D. F. McGlinchey, both of New York City, of counsel), for plaintiff.

William J. Moran, of New York City (Bernard J. McGlinn, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a motion for an order dismissing suit for the reason that it appears upon the face of the complaint that the dispute or controversy does not exceed the sum of $3,000.00 exclusive of interest and costs. Such a motion is contemplated by the provisions of title 28 U. S. C. § 80 (28 USCA § 80).

There are three causes of action pleaded in the complaint, in which the plaintiff demands judgment for the alleged breach of three policies of insurance, in the sum of $54,340.00 with interest as to the first, $6,-

270.00 with interest as to the second, and $2,-508.00 with interest as to the third.

The plaintiff alleges that he resides in this district and, as the defendant does not, diversity exists.

The basis of the first claim is a policy of accident insurance issued in 1924, covering bodily injuries through external, violent and accidental means, which, if wholly and continuously disabling the plaintiff from performing any and every kind of duty pertaining to his occupation, would entitle him to receive a weekly payment of $25.00; if suffered while a passenger on a public conveyance, double indemnity would apply.

The plaintiff, a waiter in a restaurant as stated in the policy, continued such occupation until August 15, 1928, when, being a passenger on a public conveyance, he was injured so as to render him, according to his claim, wholly and continuously disabled from performing any and every kind of duty pertaining to his said occupation, and it is alleged that he has been so disabled ever since the date of the accident and will continue to be so for the balance of his natural life.

From the last mentioned date and through the month of November, 1932, the defendant is alleged to have recognized the validity of the policy and during that period of time to have made to the plaintiff the agreed payments of $50.00 per week; the complaint alleges failure to continue the payments after November 30, 1932, although such were duly demanded, and although due medical proof of said whole and continuous disability was given and tendered to the defendant.

Paragraph fifteenth is as follows:

"Fifteenth. Thereafter and in addition thereto, said defendant did deliberately breach, reject and repudiate said policy of insurance with the plaintiff and it has done so without just cause and after recognizing its validity and binding force."

That the defendant denies.

In the sixteenth paragraph, it is alleged that one Williamson, the Brooklyn representative of the defendant, to whom the plaintiff's claim is said to have been referred, "stated definitely that the defendant repudiated said policy of insurance and would make no further payments to this plaintiff thereunder."

That allegation also is denied in the answer.

The plaintiff alleges due performance of all conditions of said policy upon his part to be performed up to the time of the breach

and repudiation, and present ability and willingness to perform any and all such conditions.

The second cause is based upon a policy of life insurance issued by the defendant, which contains a section headed: "Permanent Total Disability Benefits," the material portion of which is as follows:

"Upon due proof that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the Insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. The premiums so waived and the disability income so paid will not be deducted in any settlement hereunder.

"Upon proof of like disability occurring after the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the Company will allow all premiums falling due thereafter during such disability to accumulate without interest as an indebtedness hereunder."

This policy was issued on March 28, 1924, and in terms was incontestable after one year.

The second cause of action has to do with the liability feature of this policy, and asserts that, by reason of the facts already stated, the plaintiff became wholly disabled to engage in any occupation or employment for wage or profit, and that proof thereof was given by the plaintiff to the defendant.

The answer denies the disability, but admits the giving of the alleged proof.

Further it is alleged that the defendant recognized the validity and binding force of the policy and paid to the plaintiff $25.00 a month during the period above referred to and thereafter failed, although such payments were duly demanded, and medical proof, etc., were duly tendered.

Breach of policy, rejection and repudiation are pleaded in all respects as with reference to the first cause of action, and the same are denied.

The third cause is based upon a life insurance policy for $1,000.00, dated January 14, 1925, containing a liability clause containing permanent total disability benefits in all respects as has been referred to in connection with the second cause of action.

Both of these life insurance policies provide with respect to the payment of premiums: "but no such payment will be required during permanent total disability after receipt by the company of due proof thereof."

What has been said with reference to the pleadings concerning the second cause applies in all respects to the third.

It is also alleged as to the latter, that the proof was received, that the defendant recognized the validity and binding force of said policy, and during the same period of time made to the plaintiff the agreed payment of $10.00 a month. The other allegations respecting the failure of the defendant to continue these payments although proof was tendered, and with respect to the defendant's deliberate breach and alleged rejection and repudiation are also set forth in the complaint and denied in the answer.

The complaint was verified on February 24, 1933, and thus it appears that the defendant had failed to pay $50.00 a week from December 1, 1932, to February 24, 1933, a matter of thirteen weeks, at $50.00 a week, which would be $650.00; and $35.00 a month for the months of December, January and February under the two life insurance policies, which would be $105.00, amounting in all to $755.00, to the date of the verification of the complaint.

The plaintiff resists the motion on the ground that he is seeking to recover damages for breach of contract, in that the defendant has repudiated its contract obligations accruing subsequent to November 30, 1932; that is to say, that the defendant has been guilty of an anticipatory breach and consequently the plaintiff is entitled to recover damages therefor, upon the theory expounded in the case of Federal Life Insurance Co. v. Rascoe (C. C. A.) 12 F.(2d) 693.

It is difficult to see how the plaintiff's position can be sustained, in the light of the issues tendered by the pleadings. If the defendant had admitted repudiation of the contracts, it might be possible to approach a consideration of the subject as though repudiation were not an issue in the case. The discussion of this subject in the case of Indiana Life Endowment Co. v. Reed, 54 Ind. App. 450, at page 459 et seq. (103 N. E. 77) will be found interesting. At page 460 the Court says: "To constitute a breach of contract by renunciation or denial of liability, such renunciation must be distinct and unequivocal

and cover all obligations or performances thereunder to which the contract binds the defaulting party. * * * " And, quoting a Massachusetts Court (Daley v. People's B. L. & S. Ass'n, 178 Mass. 13, 18, 59 N. E. 452, 453), the opinion continues: " 'A mere refusal to pay money when due, especially a refusal based upon the terms of the contract and in good faith although mistakenly believed to be justified by it, is not a repudiation of the contract and does not warrant a rescission. The only remedy is a suit upon the contract.' "

As repudiation is distinctly an issue according to the pleadings as framed, it would seem that that question must be adjudicated before consideration can be given to the nature of the plaintiff's rights. This is so because, if the defendant should be defeated on the question of whether total disability continued from and after November 30, 1932, it should be accorded the chance to continue payments to the plaintiff in accordance with the duties imposed by the contracts, since it cannot be presumed that, if the plaintiff were to be successful in demonstrating a condition of total disability within the contemplation of the policies, the defendant would nevertheless renounce and repudiate its solemn engagements.

Lest it be thought that the broader questions of the rights of the plaintiff, in the event that such repudiation should be established, have been overlooked, although carefully and diligently presented in both briefs upon the motion, it may be appropriate to discuss the subject in a few words.

The basis of the decision in Federal Life Insurance Co. v. Rascoe, supra, seems to be that the majority of the Circuit Court of Appeals rather accepted without seeking to establish, that the relations of the parties in that case were mutually executory and consequently that the rule announced in Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953, governed. The pleadings in this case negative such an idea, because it is plainly alleged that the plaintiff has performed all the terms and conditions on his part to be performed, and that the defendant has breached the contracts, i. e., the contracts are not now executory as to the plaintiff.

There is a practical difficulty presented by the plaintiff's contentions which seems not to have been explored in the cases upon which he relies, namely, the perplexing task of framing a charge to a jury which would enable it to compute, with fairness to both sides, the value of the plaintiff's contracts at the time of repudiation; the figure to be arrived at would necessarily be not only compensatory to the plaintiff but fairly within the contractual contemplation of the defendant. Having in mind that the defendant's engagement is measured by the duration of the plaintiff's life, and that its premiums are supposed to be computed upon actuarial experience, it may be argued that there is available sufficient data to support a formula for the jury's guidance; this seems to be a clumsy expedient at best, and that resort thereto would leave much to be desired if justice is to be served.

The difficulty is not necessarily answered by the case of Pierce v. Tennessee Coal, Iron & R. Co., 173 U. S. 1, 19 S. Ct. 335, 341, 43 L. Ed. 591. There the defendant had defaulted and, as the Court found, in effect repudiated its contract to make monthly payments to the plaintiff contained in a release executed by him in settlement of his tort claim against the company for personal injuries. The contract was upheld, and, on this subject, the opinion says:

"The difficulty and uncertainty of estimating damages that the plaintiff may suffer in the future is no greater, in this action of contract, than they would have been if he had sued the defendant, in an action of tort, to recover damages for the personal injuries sustained in its service, instead of settling and releasing those damages by the contract now sued on."

This plaintiff had no original choice of remedies between tort and contract; the basis of his claim is solely contractual and is therefore clearly distinguishable from that of the plaintiff in the case from which the quotation is taken.

It is thought, therefore, that the Pierce case does not inevitably sanction plaintiff's contentions.

The views expressed in the following cases have been examined, and are in harmony with the conclusion reached herein: Wyll v. Pacific Mutual Life Ins. Co. of Cal. (D. C.) 3 F. Supp. 483; Kithcart v. Metropolitan Life Ins. Co. (D. C.) 1 F. Supp. 719; Parks v. Maryland Casualty Co. (D. C.) 59 F.(2d) 736; Ginsburg v. Pacific Mutual Life Ins. Co. of Cal., 5 F. Supp. 296, decided July 6, 1933, the opinion in which was quoted in the defendant's brief.

The most recent statement of text writers on the subject of anticipatory breach seems to be the following, contained in the "Restatement of the Law" (Contracts):

"Section 310: Anticipatory Repudiation as a Total Breach of Contract.

"Except * * * a contract originally bilateral that has become unilateral and similarly unconditional by full performance by one party, any of the following acts, done without justification by a promisor in a contract before he has otherwise failed to perform any contractual duty, constitutes an anticipatory repudiation which is a total breach of contract: * * *"

This complaint alleges facts which seemed to describe contractual relations falling within the precise terms of the above exception; namely, the policies were originally bilateral but they have become unilateral and unconditional by full performance by the plaintiff; from this it would seem to follow .that facts have not been pleaded disclosing anticipatory repudiation as a total breach of contract on the part of the defendant. The reasons why this is so will be found in the dissenting opinion of Judge Denison in the Rascoe case, supra.

The case of Davies v. Sun Life Assurance Co. (D. C.) 2 F. Supp. 955, has not been overlooked.

From all of which it follows that the defendant has successfully challenged the jurisdiction of this Court, and that, under the pleadings, the plaintiff's present remedy is for breach of contract in a forum in which the jurisdiction is not limited as it is in this Court.

Motion granted. Settle order on two days' notice.