## MOBLEY v. NEW YORK LIFE INS. CO.
### No. 7469.

Circuit Court of Appeals, Fifth Circuit.
Jan. 16, 1935.

Sydney C. Mize, of Gulfport, Miss., for appellant.

William H. Watkins, of Jackson, Miss., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal complains mainly of the instruction by the court of a verdict for the defendant in the trial of consolidated suits brought by Roy T. Mobley against the New York Life Insurance Company upon two similar policies of life insurance carrying benefits in case of total disability. By the terms of the policies, premiums necessary to maintain the insurance were due semiannually, but on proof of total disability before the age of sixty subsequent premiums were to be waived and monthly benefits paid so long as the disability lasted. Proof of continuance of the disability might be demanded not oftener than once a year, and on failure to furnish such proof no future disability payments would be made nor further premiums be waived; but in case of default in payment of premium after total disability, the policy might be restored and all benefits paid as if no default had occurred, provided that not more than six months after the default due proof were made of a continuous total disability since the default that would continue for life, or that had continued for three consecutive months. Mobley at the age of thirty-three, while his policies were in force, had an operation for appendicitis with results that totally disabled him, and he collected disability benefits for two years through January, 1933. The insurance company on March 1, 1933, wrote to him: "It appears that for some time past you have not been continuously totally disabled within the meaning of the disability benefit provision contained in the policies. In view of this condition we regret to inform you that no further disability payments will be made, and the premiums due on and after Feb. 7th, 1933, become payable in conformity with the terms of the contracts." Mobley in reply said he was taking immediate legal steps to secure the benefits under the policies. On March 9th the company wrote that the matter was receiving further attention, and the same day an attorney employed by Mobley wrote the company demanding payment of $28,980 as for a total breach of the insurance contracts and threatening suit. On March 17th the company wrote the attorney that its medical examiner in January had reported Mobley able to do light work of a remunerative nature, and that he could no longer be considered totally disabled within the definition of the policies, and that payment of benefits had been discontinued, to which decision it would adhere. On April 13th the company wrote Mobley that one of the policies had lapsed for nonpayment of premium, and urged him to apply for reinstatement to protect his interests. On June 5th it advised him: "Application for reinstatement after default in premium specified above not having been made, notice is hereby given that pursuant to the terms of the policy the value of the policy has been applied to purchase continued insurance" until June 20, 1937. On June 9th the company gave notice of the premium falling due July 9th on the other policy. On July 8th Mobley's attorney had written that Mobley did not agree to the action stated in the letter of June 5th, and would sue in a few days. In answer the company wrote that it was willing to give Mobley's claim for disability benefits further consideration, and asked for a statement from his physician as to his condition since January, and stated that one of its physicians would also call on Mobley to examine him. The examination was made July 24th, and chronic heart disease was found. The company claimed that this was its first knowledge of the heart trouble. It concluded he was totally disabled and tendered him on August 9th $910 accrued benefits, and a written waiver of premiums; but on July 24th suit on one policy had been filed and a few weeks later suit was filed on the other. The company pleaded the foregoing facts and correspondence and continued the tender with accrued costs. The suits claim a recovery of damages measured by the sum of the disability payments for the life expectancy of Mobley plus the amount that would be due at his death, all reduced to present value, upon the theory of an anticipatory breach of the contracts. The judge directed that the plea of tender be sustained.

Ordinarily, breach of a contract cannot occur until performance is due. In case the promisor prevents performance or disables himself to perform, a right of action at once accrues. In some classes of contracts, while executory on both sides, notably those for personal services and for the purchase or manufacture of goods, or for marriage, a total repudiation of the contract by one party before the time for performance may at the option of the other be treated as a present breach, excusing him from performance on his part and enabling him to sue the repudiator at once for all resulting damages; or he may decline to treat it as a breach and elect to keep the contract in force, tendering performance on his part at the time fixed by the contract and demanding performance of

the repudiator. Hochster v. De la Tour, 2 El. & Bl. 678; Pierce v. Tennessee Coal, I. & R. Co., 173 U. S. 1, 19 S. Ct. 335, 43 L. Ed. 591; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953. This doctrine of an anticipatory breach does not apply to commercial paper or in general to simple promises to pay money due on an executed consideration. It is said in Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 78 N. E. 584, 9 Ann. Cas. 661, approved in Killian v. Metropolitan Life Ins. Co., 251 N. Y. 44, 166 N. E. 798, 64 A. L. R. 956, to be confined to contracts to marry, for service, and for goods to be manufactured or delivered, and to have no application to insurance policies. But in Lovell v. St. Louis Life Ins. Co., 111 U. S. 264, 4 S. Ct. 390, 28 L. Ed. 423, the doctrine was applied to a repudiation by the insurer of an unmatured life insurance contract, but the recovery was measured not by the present worth of the face of the policy but by the amount of premiums paid less the value of the insurance already enjoyed, now generally called the reserve value of the policy. In Federal Life Ins. Co. v. Rascoe (C. C. A.) 12 F.(2d) 693, the doctrine was applied by a divided court to render collectible at once both past and future disability payments as here contended for, and Mobley relies strongly on that case. It has been more conspicuously distinguished and disapproved than followed. In federal courts see Kithcart v. Metropolitan Life Ins. Co. (D. C.) 1 F. Supp. 719; Wyll v. Pacific Mutual Life Ins. Co. (D. C.) 3 F. Supp. 483; Menssen v. Travelers' Ins. Co. (D. C.) 5 F. Supp. 114; Ginsburg v. Pacific Mutual Life Ins. Co. (D. C.) 5 F. Supp. 296; Hines v. Fed. Mutual Life Ins. Co. (D. C.) 6 F. Supp. 692. It seems opposed in principle to the decision in the Eighth Circuit in Moore v. Security Trust & Life Ins. Co. (C. C. A.) 168 F. 496, where in effect it is held that while an executory contract of life insurance is capable of anticipatory breach, no contract to pay money is capable of it after it has become executed on the part of the promisee. In the state of Tennessee, where Rascoe's policy was made and to be performed, the Supreme Court three years later held that, on a wrongful suspension of a certificate holder, only his annuity benefits in default, and not future installments, could be recovered. Atkinson v. R. R. Employees Mutual Relief Society, 160 Tenn. 158, 22 S.W.(2d) 631. In Mississippi, under the laws of which state the present policy was issued, Rascoe's Case has been expressly disapproved. Atlantic Life Ins. Co. v. Serio (Miss.) 157 So. 474.

That only accrued disability installments could be recovered had been previously held in Metropolitan Life Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750. Similar holdings on installment insurance benefits have been made in other states, as Woods v. Provident Life & Accident Ins. Co., 240 Ky. 398, 42 S.W.(2d) 499, and Howard v. Benefit Association of Railway Employees, 239 Ky. 465, 39 S.W.(2d) 657, 81 A. L. R. 375, in Kentucky. In Garbush v. Order of United Commercial Travelers, 178 Minn. 535, 228 N. W. 148, the Supreme Court of Minnesota refused to follow Rascoe's Case. The Court of Appeals of Missouri in Puckett v. National Annuity Association, 134 Mo. App. 501, 114 S. W. 1039, held that only benefits past due could be recovered, and, disapproving the Rascoe Case, recently held the same way in Allen v. National Life & Accident Ins. Co., 67 S.W.(2d) 534, and Chipley v. National Life & Accident Ins. Co., 67 S.W. (2d) 992. The courts of Texas also refuse recovery for installments of insurance not due. New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; State Life Ins. Co. v. Atkins (Tex. Civ. App.) 9 S.W.(2d) 290. Although there is good reason for applying the principle of anticipatory breach to a repudiation of an unmatured policy by the insurer, yet where there is a total or partial maturity of its benefits the insured by a simple suit for what is presently owing can readily establish the status of his contract. If he were allowed a present recovery for all future benefits, the calculations on which insurance business is done would be upset, and the purposes for which the benefits were made payable only in installments would often be defeated. On a war risk insurance contract for example, it has never been supposed that the insured by winning a contest touching his rights, even when they were totally denied, could recover the present value of future installments contrary to the very terms of the insurance. Compare United States v. Worley, Adm'x, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887. Anticipatory breach cannot with this effect be asserted in the present case.

■ And for another reason there could here be no recovery. In order to constitute an anticipatory breach of the entire contract there must be a clear and unequivocal repudiation by the promisor of all that remains to be performed, a refusal to be further bound by the contract. Dingley v. Oler, 117 U. S. 496, 6 S. Ct. 850, 29 L. Ed. 984; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed.

953; Kimel v. Missouri State Life Ins. Co. (C. C. A.) 71 F.(2d) 921, and cases cited. A reading of the correspondence above set out discloses that at no time did the insurance company renounce or repudiate its policies, but founded everything it did upon the terms of them. Even its declaration of lapse and invitation to reinstatement were no repudiation, but in pursuance of their express provisions. All that happened was that the company misjudged its obligations. Such an error made in good faith, whether founded in mistake of law or fact, is not repudiation, and does not end a continuing contract, but calls only for its enforcement according to its terms. Mutual Life Ins. Co. v. Marsh, 186 Ark. 861, 56 S.W.(2d) 433; Massachusetts Protective Ass'n v. Jurney, 188 Ark. 821, 68 S.W.(2d) 455. In this case the company acknowledged its error and tendered full compensation, together with costs. The insured had no right to anything more.

Judgment affirmed.