### KEARNEY v. WASHINGTON NAT. INS. CO.
### No. 21029.

District Court, W. D. Washington, N. D.
June 11, 1936.

Kennedy & Schramm and Emil G. Gustavson, all of Seattle, Wash., for plaintiff.

DuPuis & Ferguson, of Seattle, Wash., for defendant.

BOWEN, District Judge (after stating the facts as above).

The plaintiff insured bases his right to maintain this action upon the principle stated in the following quotation from Corpus Juris: "If the company wrongfully cancels a policy or repudiates it, insured or the beneficiary, as the case may be, may treat the contract as broken and at once maintain an action at law to recover damages for the breach." 32 C.J. 1264, § 464.

The cases of Viglas v. New York Life Ins. Co., 78 F.(2d) 829 (C.C.A. 1st) and Ætna Life Ins. Co. v. Geher, 50 F.(2d) 657 (C.C.A. 9th), both relied upon by plaintiff, permitted the insured to sue for the present worth of the policies because in the Viglas Case the insurer wrongfully declared a lapsation of the policy and in the Geher Case the insurer repudiated the policies as not legally executed nor in force or effect at the time of the death of the insured. The complaint here discloses that in the first state court suit between the parties the insurer affirmatively pleaded that by reason of alleged fraudulent procurement the policy was invalid, but the judgment went against the insurer on that issue. In that situation the insurer is presumed to have accepted the result of that litigation, which was to the effect that the policy was binding, until the contrary is shown by subsequent acts affirmatively indicating that the insurer continues to repudiate the contract of insurance.

Such subsequent repudiating acts are not disclosed from the alleged fact merely that the insurer has not paid any of the installment benefits accruing under the policy subsequent to the former litigation, especially in view of the further fact that the insurer is alleged to have continued to accept the payments by the insured of the subsequent premiums. Without a statement of the specific acts done by the insurer, the allegation here that the insurer "has deliberately breached, rejected, repudiated and abandoned its contract" is no more than a conclusion of the pleader. Parks v. Maryland Casualty Co. (D.C.) 59 F.(2d) 736. Likewise, the allegation that the insurer is, in the second state court suit, still contesting the validity and binding effect of the insurance policy and the insurer's liability thereunder, amounts to no more than a conclusion of the pleader, in the absence of specific acts indicating that conclusion.

The complaint here does not disclose that the insurer has, since the termination of the former litigation, done any act indicating its repudiation or breach of the insurance contract other than to fail to pay the installment benefits alleged to have become due under the contract. Repudiation or breach of the contract sufficient to support an action for full amount of future benefits based on insured's life expectancy on the theory of anticipatory breach cannot be inferred alone from such failure by the insurer to pay installment benefits when, during the time of such failure and subsequent to the termination of the former litigation establishing the validity and binding effect of the policy, the insurer has been accepting the payment of premiums under the policy. In this connection see Wyll v. Pacific Mut. Life Ins. Co. (D.C.) 3 F.Supp. 483; Kitheart v. Metropolitan Life Ins. Co. (D.C.) 1 F.Supp. 719.

In view of the foregoing, the court is of the opinion that the demurrer of the defendant insurer to the complaint of the plaintiff insured should be sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Formal order sustaining the demurrer may be settled upon notice or stipulation.